FILED

CLERK, U.S. DISTRICT COURT

7/27/23

CENTRAL DISTRICT OF CALIFORNIA

BY: _____ V. Figueroa _____ DEPUTY

1  Luis Javier Ramirez _____ (Full Name)

2  criollo_master0s@outlook.com _____ (Email Address)

3  1061 Walnut Ave apt 214 _____ (Address Line 1)

4  Long Beach CA 90813 _____ (Address Line 2)

5  562-607-4627 _____ (Phone Number)

6  Plaintiff in Pro Per

7

8  ## UNITED STATES DISTRICT COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA

10  Luis Javier Ramirez _____,

11           Plaintiff,

12      vs.

13  Wardlow Laundry LLC

14  Market Laundry LLC

15  Jason Shakib, an individual ,

16           Defendant(s).

Case No.: 2:22-CV-08633-FMO(RAOx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)**

**Hearing Date:** ~~3/24/2024~~

**Hearing Time:** ~~10:30 am~~

**Judge:** Fernando M. Olguin _____ (Judge's name)

**Place:** 6D _____ (courtroom number)

17

18

19

20

21

22

23      Plaintiff respectfully submits this Memorandum of Points and Authorities in

24  Support of Plaintiff's Motion for Leave to Amend Complaint.

25  //

26  //

27  //

28  //

Revised: August 2013
Form Prepared by Public Counsel.
© 2011, 2013 Public Counsel.
All rights reserved

1

## I.                                    INTRODUCTION

The Court should grant Plaintiff's motion for leave to amend complaint because Plaintiff meets the requirements under Fed. R. Civ. P. 15(a)(2) and because Plaintiff is a pro se litigant.

## II.   PROCEDURAL HISTORY

Plaintiff filed an original complaint against Defendant(s) on (*date*): _____

11/23/2022 _____.

☐ Plaintiff filed amended complaint(s) as follows (*write the number of complaints and dates filed*): _____

~~Plaintiff has not amwnded complaint once yet.~~ _____

_____

Plaintiff has not amended complaint before now. _____

_____

_____

☒ Defendant(s) filed responsive pleading(s) on (*write the title of responses and dates filed*): On 03/27/2023 _____

Docket No. 31 Answer fo complaint filed by attorney Bruce Benjamin on 03/27/2023 for Defendent Wardlow Laundry LLC Et al.

_____

_____

_____

## III.   ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires". Fed. R. Civ. P. 15(a)(2). The district court has the discretion to decide whether to grant Plaintiff leave to amend. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982), *vacated on other grounds,* 459 U.S. 810 (1982). In its exercise of this discretion,

the court applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Furthermore, the court interprets the language for granting amendments under Rule 15 with "extreme liberality." *Id.*

**A.    Under the Ninth Circuit Standard Plaintiff Should Be Granted Leave to Amend.**

When deciding whether to grant leave to amend, a court must consider: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 US 178, 182 (1962)).

The five factors are not considered equally. Prejudice is the most important factor and is given the most weight. *Eminence*, 316 F.3d at 1052. Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id. See also Talwar v. Creative Labs, Inc.*, No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (finding the plaintiffs should be granted leave to amend because additional discovery would not unduly prejudice the defendant and the defendant did not make a strong enough showing of bad faith on the part of the plaintiffs or that the plaintiffs requested leave to amend as a dilatory tactic, despite the suspect timing of the filing).

The Ninth Circuit has also held that one of the five *Foman* factors alone is not sufficient to justify the denial of a request for leave to amend. The Ninth Circuit has found that undue delay alone "is insufficient to justify denying a motion to amend" and has "reversed the denial of a motion for leave to amend

where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

In this case, Plaintiff's amendment will not unduly prejudice Defendant because _____

The Defendant should or alrwady knows about the claims The Plaimtifff wants to add. ~~Any~~ party ~~oc~~ allowed to ~~amomo~~ Their response or complaint once as a matter of course. _____ _____ _____ _____ _____ _____ _____ _____

Plaintiff did not file the amendment with undue delay. Rather, Plaintiff filed the amendment in the following fashion: Before the deadline
Set ouf by the previous court case management Schedule Doc no. 49 filed 05/15/2023 For amending Claims section of complaint _____ _____ _____ _____ _____ _____ _____ _____

Memorandum of Points and Authorities in Support of Motion for Leave to Amend Complaint

1    Plaintiff does not request leave to amend in bad faith or for dilatory reasons.

2    Rather, Plaintiff requests leave to amend for the following reasons: _____

3    To assert a right to claim which was not properly

4    Made on the original  complaint

5    To add the United States as a defendant reason stated

6    Amened Complaint

7    _____

8    _____

9    _____

10    _____

11    Plaintiff's amendment is not futile because _____

12    The Plaintiff is allowed to amend complaint once as a matter

13    Of course.

14    Ameneded complaint states a claim to which the court

15    has the jurisdiction to releive

16    _____

17    _____

18    _____

19    Plaintiff amended the complaint previously under the following

20    circumstances: _____ Plaintiff has not amended the complaint

21    Before now.

22    _____

23    _____

24    _____

25    _____

26    _____

27    _____

28    _____

Memorandum of Points and Authorities in Support of Motion for Leave to Amend Complaint

**B.    Plaintiff Is a Pro Se Litigant and Should Be Granted Leave to Amend.**

Courts give special consideration to pro se litigants requesting leave to amend a complaint. "Courts are particularly reluctant to deny leave to amend to pro se litigants." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). In particular, "[u]nless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## IV.    CONCLUSION

Based on the above reasons, this Court should grant Plaintiff's motion.

DATED: ~~7-25-2023~~

07/26/2023

By: _____
(sign)

Luis Javier Ramirez
562-607-4627
(print name)

Plaintiff in Pro Per

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Central  District of California

Western Division

Luis Ramirez
&those similarly situated

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

–v–

United States
Wardlow Laundry LLC,
Market Laundry LLC,
Jason Shakib , and individual

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:22-CV-08633-FMO-RAO
_____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  [ ] Yes  [x] No
Bench trial :  [✓] Yes  [ ] No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Luis Ramirez |
| Street Address | 1061 Walnut Ave Apt. 214 |
| City and County | Long Beach / Los Angeles County |
| State and Zip Code | California  90813 |
| Telephone Number | 562-607-4627 |
| E-mail Address | Criollo_master0s@outlook.com |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| | |
|---|---|
| Defendant No. 1 | |
| Name | Wardlow Laundry LLC, |
| Job or Title *(if known)* | A California Limited Liability Company |
| Street Address | 1601 wardlow rd |
| City and County | Long Beach, Los Angeles County |
| State and Zip Code | California 90807 |
| Telephone Number | +1 (626) 710-8094 |
| E-mail Address *(if known)* | Jasonshakib@gmail.com |

| | |
|---|---|
| Defendant No. 2 | |
| Name | Market Laundry LLC |
| Job or Title *(if known)* | A California Limited Liability Company |
| Street Address | 5397 Orange Ave |
| City and County | Long Beach/ Los Angeles County |
| State and Zip Code | California 90805 |
| Telephone Number | +1(626) 710-8094 |
| E-mail Address *(if known)* | Jasonshakib@gmail.com |

| | |
|---|---|
| Defendant No. 3 | |
| Name | |
| Job or Title *(if known)* | |
| Street Address | Jason Shakib an Individual |
| City and County | Owner of Defendant No. 1&2 / Agent of Service |
| State and Zip Code | 920 Calle Amable |
| Telephone Number | Glendale Los Angeles County |
| E-mail Address *(if known)* | California 91208 |
| | +1(626) 710-8094 |
| | Jasonshakib@gmail.com |

| | |
|---|---|
| Defendant No. 4 | |
| Name | United States of America |
| Job or Title *(if known)* | On behalf of person(s) aggrieved whose identity is C |
| Street Address | Charge No: 37A-2022-00401 |
| City and County | EEOC Representative and email: KARRIE MAEDA |
| State and Zip Code | State, Local & Tribal Program Manager |
| Telephone Number | karrie.maeda@eeoc.go |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Market Laundry LLC/ Wardlow Laundry LLC, |
| Street Address | 5397 orange ave / 1601 Wardlow Rd |
| City and County | Long Beach/ Los Angeles County |
| State and Zip Code | California 90805/ 90807 |
| Telephone Number | +1 (626) 710-8094 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[×]    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ]    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[×]    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[×]    Other federal law *(specify the federal law)*:

FAIR LABOR STANDARDS ACT AS AMENDED (29 U.S.C§201)

[×]    Relevant state law *(specify, if known)*:

FAIR EMPLOYMENT AND HOUSING ACT (Gov. Code, § 12900 et seq)

[×]    Relevant city or county law *(specify, if known)*:

Taxpayer First Act (TFA) (2019)            Equal Pay Act of 1963,
26 U.S.C. § 7623(d) 29 CFR 1984

Section 11(c) of the Occupational Safety
& Health Act (11(c)) (1970)
29 U.S.C. § 660(c) 29 CFR §1977



See attached forms

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [x] Other acts *(specify)*:    Harrassment , wage theft, stolen Property

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
10/02/2020 on the date i was terminated for not moving truck but i  have proof that excuse was pret

C.    I believe that defendant(s) *(check one)*:

- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race
- [x] color           Referred to plaintiff as "pinto beans" and "beans rice cheese "
- [x] gender/sex        Would say plaintiff is doing a womans job
- [x] religion         Condition of hire was that i would have christmas off
- [x] national origin     Would not add plaintiff on payroll, kept asserting plaintiff was "ille
- [ ] age *(year of birth)*              *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*
       Would state HIV/ AIDS was not a real disabilty

E.    The facts of my case are as follows.  Attach additional pages if needed.

        See attached form.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

**IV.    Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

11/01/2021

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*    02/03/2023    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached form.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        ~~07/25/2023~~ 07/26/2023

Signature of Plaintiff

Printed Name of Plaintiff        Luis Ramirez                criollo_master0s@outlook.com
                                                             562-607-4627

### B.        For Attorneys

Date of signing:        _____

Signature of Attorney        _____

Printed Name of Attorney        _____

Bar Number        _____

Name of Law Firm        _____

Street Address        _____

State and Zip Code        _____

Telephone Number        _____

E-mail Address        _____

Print        Save As...        Add Attachment        Reset

1  Luis Javier Ramirez
2  1061 walnut avenue apt 214
3  Long Beach
4  562-607-4627
5  Plaintiff in Pro      Per
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10
11
12  Luis Javier Ramirez                    2:22-CV-08633-FMO-RAO
13  On behalf of person(s) aggrieved       **Complaint for Employment**
14  whose identity is CONFIDENTIAL         **Discrimination**
15  (29 CFR 1601.7(a))
16  [Charge No: 37A-2022-00401
17  EEOC Representative and email:
18  KARRIE MAEDA
19  State, Local & Tribal Program
20  Manager
21  karrie.maeda@eeoc.gov]
22              Plaintiff,
23      vs.
24
25  Wardlow Laundry LLC .
26  Market Laundry LLC
27  JASON SKAIB , an individual
28              Defendant(s).

1

~~Insert Title of Pleading~~

Complaint for Employment Discrimination

**I.**             <u>**PARTIES IN THIS COMPLAINT**</u>

A. The Plaintiffs

Name: Luis Ramirez

Street Address: 1061 walnut avenue apartment no. 214

City, State, Zip Code: Long Beach CA 90813 / Los Angeles County

Telephone no.: 1-562-607-4627

Email: criollo_master0s@outlook.com


B.      I respectfully ask to add the United States as a involuntary plaintiff

for the reasons stated below:

1. On Wed, Feb 22, 2023, 11:06 AM I received an email from the agent who

investigated my charge: KARRIE LYNN MAEDA

KARRIE.MAEDA@EEOC.GOV

Co: LAZARO DIAZ LAZARO.DIAZ@EEOC.GOV, OSVALDO HERRERA

OSVALDO.HERRERA@EEOC.GOV

2. In the Email I was told the following:

['Good morning, Mr. Ramirez
My assistant, Lazaro Diaz, forwarded me your email inquiry.
I will respond to your concerns and questions:
{Hello my name is Luis Javier Ramirez I want to ask a couple questions
regarding EEOC policy and the way
my case was handled.

~~Insert Title of Pleading~~

Complaint for Employment Discrimination

1. doesn't the EEOC protect former employees from retaliation and harassment under title 7 of the civil
rights act of 1964?
2. Is it considered retaliation for my employer to have used falsified witness testimony in his interview
with the EEOC regarding my allegations? To be specific, my Witness Jay Magistrale stated to the
agent that he never said the things my employer said he stated in his testimony under oath. But yet
my case was closed with no violation found. Also he stated that I was arrested for domestic
violence. This it is not true and also not job related and highly stereotypical.
3. I also wanted to know what is the time frame allowed to rebuttal employers answers before a case is
closed?
4. Are the equal pay act and the fair employment and housing act covered under the EEOC's laws they
enforce?
Respectfully signed
Luis Javier Ramirez}'

You filed with California Civil Rights Department (CCRD). This charge was dually filed with the United
States Equal Employment Opportunity Commission (EEOC). You were aware of this relationship as you
asked for a Substantial Weight Review (SWR) from the EEOC.
**Your #1 question** is a little broad, but the short answer is yes
 **Your #2 question** CCRD consultant conducted telephonic witness interviews. These witnesses were unable to
corroborate your allegations. Whether you were arrested for domestic violence or not had no bearing on the
decision to closed out the charge.
Answer to #3 question:
With the EEOC, we allow fifteen calendar days for a rebuttal to be submitted. The CCRD grants ten
calendar days to respond.
Answer to #4 question:
The Equal Pay Act of 1963, as amended is under the EEOC's jurisdiction.
However, your allegations are not covered under this statute. The EPA only
covers allegations of male v. female/female v. male.

Insert Title of Pleading
Complaint for Employment Discrimination

The EEOC does not investigate allegations of housing issues.
I hope this information was helpful. Remember that you have only 90 calendar days to file a lawsuit in a federal court. However, you have a one year from the dismissal date from the state to file a lawsuit in state court.
Sincerely,
Karrie L. Maeda
State, Local & Tribal Program Manager]

This opinion from the EEOC FEPA Agent IS inconsistent with the agency's

release of updated Title 7 policies and guidelines following the Bostock v

Clayton County , GA Supreme Court Ruling which held Title VII makes it

"unlawful . . . for an employer to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual . . . because

of such individual's race, color,

religion, sex, or national origin." 42 U. S. C. §2000e–2(a)(1).

This should apply to my case as well because the new Female Employed

by the defendant at the time I was terminated, was not being paid the same

as I, and in fact was given my stolen truck in leu of wages. Misguided by

the defendant Jason Shakib. The Defendant was the sole mastermind

behind the fake letter from the City about the truck code enforcement

violations , this was pretext for Retaliation for the Cal Oshaa workplace

safety violations complaint I had told the defendant I made two days prior to

being terminated. The Defendant then threatened police on the Plaintiff and

so I had to leave the truck parked on the property but the plaintiff told the

4

Insert Title of Pleading

Complaint for Employment Discrimination

defendant that he would return for the truck no later than 14 days. In which

the defendant agreed over the phone. The Defendant , 7days later, had my

truck illegally towed to his contracted towing company's towing yard to

have it dismantled and put back together with a new  and license plate and

keys and then misrepresented the truck as his and sold it his new female

employee who the Defendant admitted he hired to replace the Plaintiff.

11/1/2022-Interview with RP (Alleged harasser), Jason Shakib:

Allegation 1:
CP always just looked like a Latino guy working. He never dressed or represented himself in any other
way. Just usually wore shorts/shirt/tennis shoes. He had a goatee and regular male appearance. When
asked about any position posted or open that CP alleges he did not get, RP stated, "There was no
position. CP had the cleaner position at that location. "It was either he or I cleaned." RP states, "You
know I helped someone out. He and his boyfriend or husband lived in a car with their dogs. It was in a
black Lexus Sedan. I gave extra jobs to Jay his boyfriend, to help them out. They then upgraded to a
white Tahoe that was falling apart. CP was an extremely violent person. He beat up his boyfriend and
was arrested for domestic violence. CP kept thinking people were looking at him. RP states that he
would tell CP to take a walk when he got angry. CP's job was maintenance.  He had the only job in the
laundry mat and had to clean the facility twice a day. There were times that there were drug addicts in
and around the laundry mat and Jay (CP's boyfriend) told RP he would support and help him keep
them away. RP categorically denies saying CP was not "manly enough" for the position, just thought he
was a regular guy. At the beginning, RP states he didn't know they were a gay couple. RP states that
he has a female working for him now in CP's position.

C. Place of Employment

Plaintiff was hired under the terms of a written employment agreement to

perform services as an Attendant for the defendant's two 24-hour

Laundromats located in Long Beach, County of Los Angeles, California,

from November 3, 2018  to October 2, 2020

Insert Title of Pleading
Complaint for Employment Discrimination

## II.                    IV.                    <u>Jurisdiction</u>

The district courts, together with the United States District Court for the

District of the Canal Zone, the District Court of the Virgin Islands, and the

District Court of Guam shall have jurisdiction, for cause shown, to restrain

violations of section 215 of this title, including in the case of violations of

section 215(a)(2) of this title the restraint of any withholding of payment of

minimum wages or overtime compensation found by the court to be due to

employees under this chapter (except sums which employees are barred

from recovering, at the time of the commencement of the action to restrain

the violations, by virtue of the provisions of section 255 of this title). .)under

29 U.S. Code § 2005 - Enforcement provisions, c) Private civil actions

(1) Liability

An employer who violates this chapter shall be liable to the employee or

prospective employee affected by such violation. Such employer shall be

liable for such legal or equitable relief as may be appropriate, including, but

not limited to, employment, reinstatement, promotion, and the payment of

lost wages and benefits.

(2) Court ; An action to recover the liability prescribed in paragraph (1) may

be maintained against the employer in any Federal or State court of

Insert Title of Pleading

Complaint for Employment Discrimination

competent jurisdiction by an employee or prospective employee for or on behalf of such employee, prospective employee, and other employees or prospective employees similarly situated. No such action may be commenced more than 3 years after the date of the alleged violation.

(3) Costs The court, in its discretion, may allow the prevailing party (other than the United States) reasonable costs, including attorney's fees. Under U.S. Code Title 29 CHAPTER 8 § 216;

(b) Damages; right of action; attorney's fees and costs

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) or 218d of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) or 218d of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips

Insert Title of Pleading

Complaint for Employment Discrimination

1   unlawfully kept by the employer, and in an additional equal amount as

2   liquidated damages. An action to recover the liability prescribed in the

3   preceding sentences may be maintained against any employer (including a

4   public agency) in any Federal or State court of competent jurisdiction by

5   any one or more employees for and in behalf of himself or themselves and

6

7   other employees similarly situated. No employee shall be a party plaintiff to

8   any such action unless he gives his consent in writing to become such a

9   party and such consent is filed in the court in which such action is brought.

10  The court in such action shall, in addition to any judgment awarded to the

11  plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

12  defendant, and costs of the action.

13

14

15

16

17

18

19

20

21

22  .

23  **III. / IV**

24

25          **Statement of Claim/ Exhaustion of Administrative Remedies**

26  **E.**

27  Plaintiff filed with the STATE OF CALIFORNIA Department of Industrial

28

~~Insert Title of Pleading~~

Complaint for Employment Discrimination

Relations Labor Commissioner's Office 1500 Hughes Way, Ste. C-202

Long Beach, CA 90810  DATE FILED 09-17-2021 DISTRICT OFFICE Long

Beach WCA TAKEN BY EMAIL: laborcomm.wca.lbo@dir.ca.gov FAX: (562)

684-0662. Plaintiff is Luis Javier Ramirez, an Individual representing

himself and DEFENDANT(s) are Wardlow Laundry LLC, a California

Limited Liability Company; Market Laundry LLC, a California Limited

Liability Company; Jason S. Shakib, owner-agent of service ). State Case

Complaint # :WC-CM-845676, RCI-808855

DEFENDANT(S) Does I through V,

 1.Plaintiff was/is employe by the defendant(s) named above to perform

personal services as: *Attendant*

2. for the period *11/2/2018* to *10/3/2020*

3. in the County of Los Angeles, California; under the terms of a written

agreement.

**4. Plaintiff seeks judgment against defendant(s) for violation of Title**

**7 of the Civil Rights Act, prohibiting national origin-based**

**discrimination. Plaintiff claims defendant(s) called them Mexican,**

**which is discriminatory and inaccurate, resulting in economic and**

**emotional damages.**

~~Insert Title of Pleading~~
Complaint for Employment Discrimination

**5. Plaintiff claims hostile work environment based on national origin discrimination, including harassment by defendant's agents and failure to prevent or correct the behavior. Plaintiff suffered economic and emotional damages as a result.**

**6. Plaintiff claims sex-based discrimination in violation of Title VII, including unequal treatment compared to male coworkers in account assignment and wages. Plaintiff suffered economic and emotional damages.**

**7. Plaintiff claims retaliation for opposing unlawful employment practices based on national origin and sex, including wage theft, threats of termination, and harassment. Defendants' actions were intentional and malicious**

8. That there is due, *owing* and *payable* from the **defendant** to the **plaintiff** an amount as and for **wages**, **penalties and/or other demands for compensation as set out below:**

**V**            <u>**Claims for Releif**</u>

Plaintiff worked Twelve hours per day, on average, at the rate of $15.50per hour. Therefore, Plaintiff's daily rate of pay was $186 but was paid the Sub-minimum **weekly** wage of 120 dollars.

Insert Title of Pleading

Complaint for Employment Discrimination

CLAIM 1

REGULAR WAGES - From 11/02/2018 through 10/3/2020, plaintiff claims wages earned at the rate of $13.00 per hour, for 4080 regular hours worked.
Amount Earned or Accrued $53,040.00
Less Amount      Paid   $30,600.00
Balance Due       $22,440.00

Claim 2
OVERTIME / DOUBLE TIME -- Any work in excess of 8 hours per day, any work in excess of 40 hours per week, and the first 8 hours worked on the seventh consecutive day of work in any workweek must be compensated at the applicable overtime rate of pay. Any work in excess of 12 hours per day and any work in excess of 8 hours on the seventh consecutive day of work in any workweek must be compensated at the applicable double time rate of pay. (See Labor Code Section 510)
Plaintiff claims wages earned for overtime and double time hours worked, based on a regular rate of pay of $13.00 per hour, as follows:
From 11/02/2018 through 10/3/2020, 1224 hours at $19.5 per hour (overtime at 1.5 times the regular rate).
From 11/2/2018 through 10/3/2020, 408 hours at $26 per hour (double time at 2 times the regular rate).
Amount Earned: $34,476.00
Less amount paid: $0.00
Total owed: $34,476.00

Claim 3
UNREIMBURSED BUSINESS EXPENSES - From 9/17/2019 through 10/3/2020, plaintiff claims reimbursable business expenses (see Labor Code Section 2802), which were incurred for the following: cleaning supplies. Reasonable costs including attorney's fees may also be applicable. (See Labor Code Section 2802(c))
Amount Earned: $300.00
 Less amount Paid:$0.00
Amount Owed: $300.00

Claim 4

Insert Title of Pleading

Complaint for Employment Discrimination

LIQUIDATED DAMAGES: Failure to Pay Minimum Wages - At least
minimum wage must be paid for all hours worked, including any overtime
hours worked. An employee is entitled to recover liquidated damages in an
amount equal to minimum wages earned but not paid as required by law.
(See Labor Code Section 1194.2)
Plaintiff claims liquidated damages, which are equal to the total amount of
minimum wages earned but not paid as required by law.
Amount earned :$0.00
Less amount Paid: $0.00
Amount owed: $41,237.49

Claim 5
WAITING TIME PENALTIES - If an employer willfully fails to pay, in
accordance with Labor Code Section 201, any wages of an employee who
is discharged, the wages of the employee continue as a penalty from their
due date at the same rate until paid, up to a maximum of Plaintiff was
discharged on 10/03/2020, on which date wages were due. Plaintiff claims
waiting time penalties for 30 days' worth of wages, based on a rate of pay
of $104.00 per day. Daily rate of pay is calculated as follows: 8 hours per
day at $13.00 per hour
(See Labor Code Section 203)
Amount Earned: $3,120.00
Less amount paid: $0.00
Total owed: $3,120.00
TOTAL CLAIMED         $101,573.49

.


**PRAYER FOR RELIEF**

The EEOC issues the following determination: The EEOC will not proceed

further with its investigation and makes no determination about whether

further investigation would establish violations of the statute. This does not

mean the claims have no merit. This determination does not

12

1  certify that the respondent is in compliance with the statutes. The EEOC

2  makes no finding as to the merits of any other issues that might be

3
4  construed as having been raised by this charge. The EEOC has adopted

5  the findings of the state or local fair employment practices agency that

6  investigated your charge.'For the reasons stated above the Plaintiffs
7
8  respectfully asks the court to Order the Defendant to Pay the wages due to

9  date up to and including the payment of  front pay, back pay , and liquid

10  damages equal to the amount of wages owed.   The undersigned, counsel
11
12  of record for Pro Se Plaintiff ], certifies that this brief contains [1146] words,

13  which :complies with the word limit of L.R. 11-6.1.

14
15  Dated _____        signed

16                                            Luis Ramirez
17                                            562-607-4627

18
19
20
21
22
23
24
25
26
27
28

13

Insert Title of Pleading

Complaint for Employment Discrimination



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/01/2023

**To:** Luis Javier Ramirez
1061 Walnut Ave, #214
Long Beach, CA 90813

On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR 1601.7(a))

Charge No: 37A-2022-00401

EEOC Representative and email:    KARRIE MAEDA
State, Local & Tribal Program Manager
karrie.maeda@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Christine Park-Gonzalez
02/01/2023

Christine Park-Gonzalez
Acting District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118

February 1, 2023

Luis Javier Ramirez
1061 Walnut Ave, #214
Long Beach, CA 90813

Re: 37A-2022-00401

Dear Mr. Ramirez:

This letter is in response to your request for the U.S. Equal Employment Opportunity Commission (EEOC) to conduct a substantial weight review of the above referenced charge.

A complete review of the case file was conducted, and all the information offered during the processing of the charge was carefully considered. The evidence provided fails to substantiate a violation of the laws against discrimination. There were no indications that further investigation would disclose a violation of one of the statutes enforced by the EEOC. Further, the review determined that the case was investigated by the California Civil Rights Department (CCRD).

We understand that the parties to a charge often have firm views that the available evidence supports their respective positions. However, our final actions must comport with our interpretations of the relevant evidence and the laws we enforce. In those situations where an individual disagrees with our final action on a charge, they have the right to pursue the matter in court. The EEOC's determination, which is enclosed with this letter, explains your right to pursue the matter in court within 90 days of your receipt of the enclosed Notice of Right to Sue. If you do not file a lawsuit within the statutory 90-day period, your right to sue in the matter will expire, and cannot be restored by the EEOC.

Sincerely,

**Karrie L. Maeda**
Digitally signed by Karrie L. Maeda
Date: 2023.02.01 09:04:35 -08'00'

Karrie L. Maeda
State, Local & Tribal Program Manager

Encl: Form 161



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 East Temple St., 4th Floor
Los Angeles, CA 90012
Free: (833) 827-2920
TTY: (800) 669-6820
FAX: (213) 894-1118
Website: www.eeoc.gov

02/16/2023

VIA: criollo_master0s@outlook.com
Luis Javier Ramirez
1061 Walnut Ave., Apt 214
Long Beach, CA 90813

Re: FOIA No.: 480-2023-005461
    Charge No.: 37A-2022-00401

Dear Mr. Ramirez:

Your Freedom of Information Act (FOIA) request, received on 02/16/2023, is processed. Our search began on 02/16/2023. All agency records in creation as of 02/16/2023 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[X]    Your request is granted in part and denied in part. Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[X]    The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[X]    I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[X]    You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

       The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448; or facsimile at (202) 741-5769.

       The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 653-6034.

[X]    If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 653-6034. Your appeal will be governed by 29 C.F.R. § 1610.11.

480-2023-005461

Sincerely,

*Kathleen Gilliam*

_____
Kathleen Gilliam
Government Information Specialist
losafoia@eeoc.gov

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

Exemption(s) Used:

| | |
|---|---|
| [ ]  (b)(3)(A)(i) | [ ]  (b)(6) |
|      [ ] § 706(b) | [ ]  (b)(7)(A) |
|      [ ] § 709(e) | [ ]  (b)(7)(C) |
|      [ ] § 107 of the ADA | [ ]  (b)(7)(D) |
|      [ ] § 207 of the GINA | [ ]  (b)(7)(E) |
| [ ]  (b)(4) | [ ]  (b)(7)(F) |
| [X]  (b)(5) | |

Exemption (b)(5) was applied to pages 14, 19, 33 and 34.

Exemption (b)(5) to the Freedom of Information Act (FOIA), 5 U.S.C.  § 552(b)(5) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action.  This exemption protects the agency's deliberative process and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  The exemption covers internal communications that are deliberative in nature.  National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F. Supp. 2d 1144 (E.D. Mo. 1999).  The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998).  Disclosure of preliminary assessments and opinions would create a chilling effect on the Commission staff's ability to freely and openly deliberate and discuss ideas, strategies, and recommendations, thereby impairing the Commission's ability to effectively and efficiently enforce applicable federal EEO laws by investigating charges and complaints, litigating and adjudicating cases, promulgating regulatory and sub-regulatory guidance, conducting outreach and education activities, and other related activities.   Records may be withheld under this exemption if they were prepared prior to an agency's decision, Wolfe v. Dep't of Health and Human Services, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker.  First Eastern Corp. v. Mainwaring, 21 F.3d 465,468 (D.C. Cir. 1994).  See also, Greyson v. McKenna & Cuneo and EEOC, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995).  Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision-making process.  A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138 (2d Cir. 1994).  An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure.  See Mapother, Nevas, et al. v. Dep't of Justice, 3 F.3d 1533 (D.C. Cir. 1993).
--------------------------------------------------------------------------------------------------------------
For a full description of the exemption codes used please find them at the following URL:
https://www.eeoc.gov/foia/freedom-information-act-reference-guide

This response was prepared by Kathleen Gilliam, Government Information Specialist, who may be reached at Kathleen.Gilliam@eeoc.gov or (213) 785-3012.

**STATE OF CALIFORNIA**                                    Gavin Newsom, *Governor*

DEPARTMENT OF INDUSTRIAL RELATIONS
Labor Commissioner's Office
2031 Howe Avenue, Suite 100
Sacramento, CA  95825
Phone:  916-263-2991
Email:  Retaliation@dir.ca.gov



**FILING A RETALIATION COMPLAINT**

**Who may file?**

Any employee or applicant for employment who believes he or she was discharged or denied
employment or otherwise retaliated against in violation of any law under the jurisdiction of the
Labor Commissioner may file a complaint with the Labor Commissioner by completing and mailing
the complaint form (RCI-1) to the address below. Pay special attention to page 2 of the complaint;
this page will be shared with your employer. It is important that you provide a summary of your
complaint rather than a detailed document.

**What is the time limit for filing?**

A complaint alleging retaliation in violation of laws under the jurisdiction of the Labor
Commissioner must be filed within **six (6) months** after the occurrence of the alleged retaliatory
action, except for complaints filed under Labor Code sections 230(c), (e) and (f), 230.1, 230.2(b),
230.5, 1311.5, and Health and Safety Code section 1596.881 (see below). For a claim of disparate
pay based on sex, race, or ethnicity under Labor Code section 1197.5, there is a two (2) or three (3)
year statute of limitations; however, a retaliation claim based on this statute must be filed within six
(6) months since it will be investigated as a violation of Labor Code section 98.6.

**Where do I file?**

For work performed in Monterey, Fresno, Kings, Tulare, Inyo counties and other counties that lie
further north, mail the completed (signed and dated) complaint form to:

> Labor Commissioner's Office
> Retaliation Complaint Investigation Unit
> 2031 Howe Avenue, Suite 100
> Sacramento, CA  95825

For work performed in Kern, San Luis Obispo, Santa Barbara, Ventura, San Bernardino counties and
other counties that lie further south, mail the completed (signed and dated) complaint form to:

> Labor Commissioner's Office
> Retaliation Complaint Investigation Unit
> 320 W. Fourth Street, Room 450
> Los Angeles, CA  90013

Laws enforced by the Labor Commissioner that specifically prohibit retaliation against employees
and job applicants are listed on the following pages.

June 2017                                                                                          1

**(1)**      **Labor Code section 96(k)**

Protects an employee from loss of wages as a result of a failure to hire, demotion, suspension, or discharge from employment because the employee engaged in lawful conduct asserting "recognized constitutional rights" occurring during nonworking hours away from the employer's premises.

**(2)**      **Labor Code section 98.6**

Protects an employee filing or threatening to file a claim or complaint with the Labor Commissioner, instituting or causing to be instituted any proceeding relating to rights under the jurisdiction of the Labor Commissioner, or testifying in any such proceeding, complaining orally or in writing about unpaid wages, or for exercising (on behalf of oneself or other employees) any of the rights provided under the Labor Code or Orders of the Industrial Welfare Commission, including, but not limited to, the right to demand payment of wages due, the right to express opinions about, support or oppose an alternative workweek election, or the exercise of any other right protected by the Labor Code. In addition to other remedies that might be available, a civil penalty of up to $10,000 may be awarded to an employee for each violation of Labor Code section 98.6. Also, protects an employee who is a family member of a person who has or is perceived to have engaged in any protected conduct.

**(3)**      **Labor Code section 230(a)**

Prohibits an employer from discharging or in any manner retaliating against an employee for taking time off to serve on a jury provided the employee gives reasonable notice that he or she is required to serve.

**(4)**      **Labor Code section 230(b)**

Protects an employee who is a victim of a crime, who takes time off to appear in court to comply with a subpoena or other court order as a witness to a judicial proceeding.

**(5)**      **Labor Code section 230(c)**

Prohibits an employer from discharging or in any manner discriminating or retaliating against an employee who is a victim of domestic violence, sexual assault, and/or stalking for taking time off from work to obtain or attempt to obtain relief to help ensure his or her health, safety, or welfare, or that of his or her child or children. (The complaint must be filed within one year from the date of occurrence of the violation.)

**(6)**      **Labor Code section 230(e)**

An employer shall not discharge or in any manner discriminate or retaliate against an employee because of the employee's status as a victim of domestic violence, sexual assault, and/or stalking, if the victim provides notice to the employer of the status or the employer has actual knowledge of the status. (The complaint must be filed within one year from the date of occurrence of the violation.)

**(7)**      **Labor Code section 230(f)**

An employer of any size shall provide reasonable accommodations for a victim of domestic violence, sexual assault, and/or stalking who requests an accommodation for the safety of the victim while at work. (The complaint must be filed within one year from the date of occurrence of the violation.)

**(8)**      **Labor Code section 230.1**

Protects an employee who is a victim of domestic violence, sexual assault, and/or stalking and works for an employer with 25 or more employees who takes time off to seek medical attention, to obtain services from a domestic violence program or psychological counseling,

or to participate in safety planning. (The complaint must be filed within <u>one year</u> from the date of occurrence of the violation.)

**(9)    Labor Code section 230.2(b)**

Requires an employer to allow an employee who is a victim of a crime, an immediate family member of a victim, a registered domestic partner of a victim, or the child of a registered domestic partner of a victim to take time off from work to attend judicial proceedings related to that crime. (The complaint must be filed within <u>one year</u> from the date of occurrence of the violation.)

**(10)    Labor Code section 230.3**

Protects an employee who takes time off to perform emergency duty as a volunteer firefighter, a reserve peace officer, or an officer, employee, or member of a disaster medical response entity sponsored or requested by the State. An employee who is a health care provider must notify his or her employer at the time the employee becomes designated as emergency response personnel and when the employee is notified that he or she will be deployed as a member of a disaster medical response team.

**(11)     Labor Code section 230.4**

Protects an employee who is a volunteer firefighter, a reserve peace officer, or emergency rescue personnel, and works for an employer employing 50 or more employees, from being discriminated or retaliated against because he or she has taken time off to engage in fire or law enforcement training. The employee is permitted to take up to an aggregate of 14 days per calendar year for such training.

**(12)    Labor Code section 230.5**

Protects an employee who is a victim of an offense listed under Labor Code section 230.5 for taking time off from work, to appear in court to be heard at any proceeding, including any delinquency proceeding, involving a post-arrest release decision, plea, sentencing, post-conviction release decision, or any proceeding in which a right of the victim is at issue. A victim is any person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act. The term "victim" also includes the person's spouse, parent, child, sibling, or guardian. (The complaint must be filed within <u>one year</u> from the date of occurrence of the violation.)

**(13)     Labor Code section 230.7 and Education Code section 48900.1**

Protects an employee who is the parent or guardian of a pupil for taking time off from work to appear in the pupil's school at the request of the pupil's teacher, if the employee, prior to taking the time off, gives reasonable notice to the employer that he or she is requested to appear at the school.

**(14)    Labor Code section 230.8**

Protects an employee who is a parent (including stepparent, foster parent, or person who stands in loco parentis to the child), guardian, or grandparent, and who is employed by an employer who employs 25 or more employees, for taking time off from work (up to 40 hours each year, not exceeding eight hours in any calendar month) to participate in activities of the child's school, for school emergencies, or to locate or enroll the child in school or with a child care provider.

**(15)    Labor Code sections 232(a) and (b)**

Prohibits an employer from requiring an employee, as a condition of employment, to refrain from disclosing or discussing the amount of his or her wages or requiring an employee to

sign a waiver or other document that purports to deny the employee the right to disclose or discuss his or her wages.

**(16)**    **Labor Code section 232.5**

Prohibits an employer from requiring that an employee refrain from disclosing or discussing information about the employer's working conditions, and from requiring an employee to sign a waiver or other document that restricts or denies the employee the right to disclose or discuss information about the employer's working conditions.

**(17)**    **Labor Code section 233 and 234**

Prohibits retaliation for using or attempting to use sick leave that accrued during six months for a reason allowed under section 246.5. Section 234 provides that an employer's "absence control" policies that punish sick leave taken pursuant to section 233 are a violation of section 233.

**(18)**    **Labor Code section 244**

Reporting or threatening to report an employee's, former employee's, or prospective employee's citizenship or immigration status, or the suspected citizenship or immigration status of a family member of the employee, former employee, or prospective employee, to a federal, state, or local agency because the employee, former employee, or prospective employee exercises a right under the Labor Code, the Government Code, or the Civil Code constitutes an adverse action for purposes of establishing a violation of an employee's, former employee's, or prospective employee's rights. Claims of immigration-related retaliation may be processed by the Labor Commissioner under this section, in conjunction with section 98.6, which prohibits retaliation against employees, former employees, and prospective employees for exercising their rights under the Labor Code.

**(19)**    **Labor Code sections 245-249**

Protects an employee who uses accrued paid sick leave, files a complaint with the Labor Commissioner claiming paid sick leave, alleges a violation of paid sick leave rights, cooperates in an investigation or prosecution under this statute, or opposes a policy or practice prohibited by this statute. Employers are prohibited from denying an employee the right to use paid sick leave, or discharging, threatening to discharge, demoting, suspending or in any manner discriminating against an employee who exercises these rights. There is a REBUTTABLE presumption of unlawful retaliation if the employer acts in a manner described above within 30 days of the employee's request for leave or other protected activity. In addition to other remedies that might be available, an administrative penalty of up to $4,000 may be awarded.

**(20)**    **Labor Code section 432.7**

Protects the right of an applicant for employment not to disclose information concerning an arrest or detention that did not result in conviction, or any information regarding referral to, and participation in, any pretrial or post-trial diversion program. Protects the right of an applicant for employment not to disclose information about his or her criminal history that occurred while the applicant was subject to juvenile court law. Prohibits an employer from seeking or using as a factor in an employment decision, any record of an arrest or detention that did not result in a conviction. Provides exceptions for law enforcement employment, health facilities, concessionaires and other specific employment situations.

**(21)**    **Labor Code section 432.8**

Protects the rights of an applicant for employment or employee from disclosing information regarding a conviction related to the possession of marijuana where the conviction is more than two years old.

**(22)    Labor Code section 432.9**

A state or local agency shall not ask an applicant for employment to disclose information concerning the conviction history of the applicant until the agency has determined the applicant meets the minimum qualifications for the position as stated in any notice for the position.

**(23)    Labor Code section 752**

Ensures that employees in non-unionized smelters or underground mines have a right to a fair and impartial election to establish a workday greater than eight hours. In addition to other remedies that might be available, a civil penalty of up to $200 for each violation for each affected employee may be awarded.

**(24)    Labor Code section 1019**

Prohibits certain unfair immigration-related practices in retaliation for engaging in activities protected by the Labor Code and local ordinances. Unfair immigration-related practices include:  requesting more or different documents than are required by federal immigration laws; refusing to accept such documents when they reasonably appear on their face to be genuine; using the federal E-Verify system to check the employment authorization of a person at a time or in a manner not required under federal law; filing or threatening to file a false police report or a false report or complaint with any State or federal agency, including the Federal Immigration and Customs Enforcement Agency ("ICE"); or contacting or threatening to contact immigration authorities. Labor Code section 1019 creates a private right of action in court for victims of unfair immigration-related practices that are retaliatory. The Labor Commissioner will process such complaints under Labor Code section 98.6, which prohibits retaliation for engaging in rights protected under the Labor Code.

**(25)    Labor Code section 1019.1**

Makes it an unlawful practice for an employer to request more or different documents than those required by federal immigration law, refuse to honor documents that appear to be genuine, or attempt to reinvestigate or re-verify any incumbent employee's authorization to work using an unfair immigration-related practice. In addition to other remedies that might be available, a penalty of up to $10,000 may be awarded for each violation.

**(26)    Labor Code section 1024.6**

An employer may not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against an employee because the employee updates or attempts to update his or her personal information based on a lawful change of name, social security number, or federal employment authorization document.

**(27)    Labor Code sections 1025-1028**

Every private employer regularly employing 25 or more employees shall provide reasonable accommodations for an employee to participate in an alcohol or drug rehabilitation program. If the employee believes that he or she has been denied such reasonable accommodation, he or she may file a retaliation complaint with the Labor Commissioner's office.

**(28)    Labor Code sections 1030-1033**

Prohibits retaliation against an employee who requests a lactation accommodation or who attempts to express breast milk. Every employee desiring to express breast milk for the employee's infant child shall be provided a reasonable amount of break time to do so. The break time shall, if possible, run concurrently with any break time already provided to the employee. Break time for an employee that does not run concurrently with the rest time authorized for the employee by the applicable wage order of the Industrial Welfare Commission need not be paid. The employer shall make reasonable efforts to provide the

employee with the use of a room or other location, other than a toilet stall, in close proximity to the employee's work area, for the employee to express milk in private. The room or location may include the place where the employee normally works if it otherwise meets the requirements of this section. An employer is not required to provide an employee break time for purposes of lactating if to do so would seriously disrupt the operations of the employer. Retaliation for requesting or using this accommodation is prohibited and will be investigated under Labor Code section 98.6. In addition to other remedies that might be available, a civil penalty of up to $100 for each violation may be awarded.

**(29)    Labor Code section 1041-1044**
Every private employer regularly employing 25 or more employees shall reasonably accommodate and assist any employee who reveals a problem of illiteracy and requests the employer's assistance in enrolling in an adult literacy education program. An employee who believes she or he has been denied reasonable accommodation to enroll and participate in an adult literacy education program may file a retaliation complaint with the Labor Commissioner's office.

**(30)    Labor Code section 1101**
Protects employees who engage or participate in politics or who become candidates for public office. An employer may not make, adopt, or enforce any rule, regulation or policy that forbids, controls, directs or tends to direct the political activities or affiliations of employees.

**(31)    Labor Code section 1102**
Prohibits an employer from coercing, influencing or attempting to coerce or influence employees' political action or political activity.

**(32)    Labor Code section 1102.5**
Protects against retaliation for disclosing information, or because an employer believes an employee has disclosed information, to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has the authority to investigate, discover, or correct a violation where employee reasonably believes that the information discloses a violation of a state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation. Protects an employee who refuses to participate in an activity that would result in a violation of a state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation. Protects an employee who exercised his or her rights under Labor Code section 1102.5 in any former employment. Protects an employee who is a family member of a person who has or is perceived to have engaged in any protected conduct. In addition to other remedies that might be available, a civil penalty of up to $10,000 may be awarded for each violation.

**(33)    Labor Code section 1171**
Protects individuals participating in a national service program (e.g., AmeriCorps), for refusing to work overtime for any legitimate reason.

**(34)    Labor Code section 1197.5**
Allows an employee who is paid at a wage rate less than the rate paid to an employee of the opposite sex, or another race or ethnicity for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and which is performed under similar working conditions, except where the payment is made pursuant to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on a bona fide factor other than sex, race, or ethnicity, to file a claim for unequal pay

with the Labor Commissioner's office. A civil action to recover wages under section 1197.5(a) may be commenced no later than two years after the cause of action occurs, except that a civil action arising out of a willful violation may be commenced no later than three years after the cause of action occurs. The same filing period will be used for a claim filed with the Labor Commissioner for equal pay as the filing period for a civil action. Also protects an employee who invokes or assists with the enforcement of the equal pay law, discloses his or her own wages, discusses the wages of others, inquires about another employee's wages, or aids or encourages any other employee to exercise his or her rights under this section and is retaliated against. A complaint with the Labor Commissioner alleging retaliation must be filed within six (6) months of the adverse action.

(35)    **Labor Code section 1198.3**
Prohibits retaliation against an employee who refuses to work hours in excess of those permitted by the Industrial Welfare Commission (IWC) Orders.

(36)    **Labor Code section 1311.5**
Provides for triple damages for individuals who are retaliated against for having filed a claim or civil action alleging a Labor Code violation occurring while the individual was a minor, even if the claim was filed after the individual reached 18. Extends the time limit for claims under the Labor Code, including claims for unpaid wages and retaliation claims, such that the time limit does not begin to run until the individual turns 18.

(37)    **Labor Code section 1512**
Prohibits retaliation against an employee who exercises the right to take a paid leave of absence for the purpose of donating his or her organ or bone marrow to another person.

(38)    **Labor Code section 2814**
Makes it unlawful to use E-Verify to check the employment authorization status of an existing employee or applicant who has not been offered employment at a time or in a manner not required by federal law, authorized by a federal agency, or as a condition of receiving federal funds. An employer who has offered employment to an applicant can lawfully utilize the federal E-Verify system to check the employment authorization status of a person who has been offered employment. Requires that the employer furnish to the employee any no-match notification issued by the Social Security Administration or the United States Department of Homeland Security containing information specific to the employee's E-Verify case. In addition to other remedies that might be available, each unlawful use of the E-Verify system carries a civil penalty not to exceed $10,000.

(39)    **Labor Code section 2929(b) and (c)**
Prohibits discrimination because the garnishment of an employee's wages has been threatened, or because his or her wages have been subjected to garnishment for the payment of one judgment. The employee shall give notice to his or her employer of his or her intention to make a wage claim within 30 days after being discharged, and file a wage claim with the Labor Commissioner within 60 days after being discharged.

(40)    **Labor Code section 2930**
Protects an employee who is disciplined or discharged based on a shopping investigator's report of the employee's conduct, performance, or honesty when the employee was **not** provided with of copy of the report before the discipline or discharge. The shopping investigator must be licensed under the Business and Professions Code for this section to apply.

**(41)    Labor Code section 6310**

Protects an employee who:  (1) complains about safety or health conditions or practices, (2) institutes or causes to be instituted any proceeding relating to the employee's rights to safe and healthful working conditions, or testifies in any such proceeding, (3) exercises any rights under the California Occupational Safety and Health Act, or (4) participates in an occupational health and safety committee established pursuant to Labor Code section 6401.7. Protects an employee who is a family member of a person who has or is perceived to have engaged in any protected conduct.

**(42)    Labor Code section 6311**

Protects an employee who refuses to perform work in the performance of which the Labor Code, any occupational safety or health standard, or any safety order would be violated where the violation would create a real and apparent hazard to the employee or her or his co-workers.

**(43)    Labor Code section 6399.7**

Protects an employee who complains or testifies regarding non-compliance with the Hazardous Substances Information and Training Act.

**(44)    Labor Code section 6403.5**

Protects an employee who refuses to lift, reposition, or transfer a patient due to the health care worker's concerns about patient or worker safety or because of the lack of trained lift team personnel or equipment.

**(45)    Health and Safety Code section 1596.881 and 1596.882**

Protects an employee who: (1) complains about the violation of any licensing or other laws relating to child day care facilities (e.g., staff-child ratios, transportation of children, or child abuse), (2) institutes or causes to be instituted any proceeding against the employer relating to the violation of any licensing or other laws, (3) appears as a witness or testifies in a proceeding relating to the violation of any licensing or other laws, or (4) refuses to perform work in violation of a licensing or other law or regulation after notifying the employer of the violation. A claim by the employee alleging the violation by the employer of section 1596.881 shall be presented to the employer within 45 days after the action as to which complaint is made, and presented to DLSE not later than 90 days after the action as to which complaint is made.

**(46)    Unemployment Insurance Code section 1237**

Protects an employee who seeks information from the Employment Development Department (EDD) concerning rights under the Unemployment Insurance Code or Labor Code, cooperates with any investigation undertaken by EDD, or testifies in any proceeding brought pursuant to the Unemployment Insurance Code or the Labor Code.

**(47)    IWC Orders 1 through 13, section 3(C)(8); IWC Order 16, section 3(C)(7); and IWC Order 17, section 5 "Election Procedures" (H)**

Protects an employee who expresses an opinion concerning an alternative workweek election or for opposing or supporting its adoption or repeal.

**Please note:**  Except for the Labor Commissioner's enforcement of the California Equal Pay Act (Labor Code section 1197.5 noted above), the Department of Fair Employment and Housing (DFEH) maintains the authority to investigate complaints of discrimination (based on race, religion, sexual orientation, gender, national origin, etc.) in the areas of employment, housing, public accommodations and hate violence. The National Labor Relations Board (NLRB) investigates complaints of unfair labor practices by employers and unions.

| STATE OF CALIFORNIA<br>Department of Industrial Relations | DATE FILED<br>09-17-2021 |
|---|---|
| Labor Commissioner's Office<br>1500 Hughes Way, Ste. C-202 | DISTRICT OFFICE<br>Long Beach WCA |
| Long Beach, CA 90810<br>EMAIL: laborcomm.wca.lbo@dir.ca.gov<br>FAX: (562) 684-0662 | TAKEN BY |

| PLAINTIFF:<br>Luis Javier Ramirez, an Individual | |
|---|---|
| DEFENDANT(S):<br>Wardlow Laundry LLC, a California Limited Liability Company; Market Laundry LLC, a California<br>Limited Liability Company; Jason S. Shakib, an Individual | Does I through V, Defendant(s) |
| State Case Number:<br>WC-CM-845676 | COMPLAINT |

**PLAINTIFF ALLEGES:**

1. Plaintiff was/is employed by the defendant(s) named above to perform personal services as: Attendant

2. for the period 11/2/2018 to 10/3/2020

3. in the County of Los Angeles, California; under the terms of a written agreement.

4. that there is due, owing and payable from the defendant to the plaintiff an amount as and for wages, penalties and/or other demands for compensation as set out below:

| CLAIM | Amount Earned or Accrued | Less Amount Paid | Balance Due |
|---|---|---|---|
| REGULAR WAGES -- From 11/02/2018 through 10/3/2020, plaintiff claims wages earned at the rate of $13.00 per hour, for 4080 regular hours worked. | $53,040.00 | $30,600.00 | $22,440.00 |
| OVERTIME / DOUBLE TIME -- Any work in excess of 8 hours per day, any work in excess of 40 hours per week, and the first 8 hours worked on the seventh consecutive day of work in any workweek must be compensated at the applicable overtime rate of pay.  Any work in excess of 12 hours per day and any work in excess of 8 hours on the seventh consecutive day of work in any workweek must be compensated at the applicable double time rate of pay.  (See Labor Code Section 510)<br>Plaintiff claims wages earned for overtime and double time hours worked, based on a regular rate of pay of $13.00 per hour, as follows:<br>From 11/02/2018 through 10/3/2020, 1224 hours at $19.5 per hour (overtime at 1.5 times the regular rate).<br>From 11/2/2018 through 10/3/2020, 408 hours at $26 per hour (double time at 2 times the regular rate). | $34,476.00 | $0.00 | $34,476.00 |
| UNREIMBURSED BUSINESS EXPENSES -- From 9/17/2019 through 10/3/2020, plaintiff claims reimbursable business expenses (see Labor Code Section 2802), which were incurred for the following: cleaning supplies. Reasonable costs including attorney's fees may also be applicable. (See Labor Code Section 2802(c)) | $300.00 | $0.00 | $300.00 |
| LIQUIDATED DAMAGES: Failure to Pay Minimum Wages -- At least minimum wage must be paid for all hours worked, including any overtime hours worked.  An employee is entitled to recover liquidated damages in an amount equal to minimum wages earned but not paid as required by law.  (See Labor Code Section 1194.2)<br>Plaintiff claims liquidated damages, which are equal to the total amount of minimum wages earned but not paid as required by law. | $0.00 | $0.00 | $41,237.49 |

| CLAIM | Amount Earned or Accrued | Less Amount Paid | Balance Due |
|---|---|---|---|
| WAITING TIME PENALTIES – If an employer willfully fails to pay, in accordance with Labor Code Section 201, any wages of an employee who is discharged, the wages of the employee continue as a penalty from their due date at the same rate until paid, up to a maximum of 30 days.  (See Labor Code Section 203) Plaintiff was discharged on 10/03/2020, on which date wages were due.  Plaintiff claims waiting time penalties for 30 days' worth of wages, based on a rate of pay of $104.00 per day. Daily rate of pay is calculated as follows: 8 hours per day at $13.00 per hour | $3,120.00 | $0.00 | $3,120.00 |
| **TOTAL CLAIMED** | | | **$101,573.49** |

**Interest pursuant to Labor Code Section(s) 98.1(c), 248.5(f), 1194.2 and/or 2802(b).**

A document detailing the amount(s) due may be attached. Amount(s) due as set forth herein may be approximate and subject to modification based on evidence presented at hearing.

**PLAINTIFF CERTIFIES THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE AND BELIEF.**

Executed at:  Long Beach, County of Los Angeles, California

Dated: _____11/21/2021_____          _____
           Date of Signature                                Signature of Plaintiff

                                        Luis Javier Ramirez
                                        RCI- 808855

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE |
|---|---|
| | Luis Javier Ramirez |

| | THIS PERSON (CHECK ONE) |
|---|---|
| Luis Javier Ramirez | __X__ Claims to be aggrieved |
| | ___ Is filing on behalf of other person(s) |

| vs. | DATE OF ALLEGED VIOLATION |
|---|---|
| | Earliest                            Most Recent |
| Wardlow Laundry LLC | November 1, 2019              October 3, 2021 |

| | PLACE OF ALLEGED VIOLATION |
|---|---|
| | California, County of Los Angeles |
| | EEOC CHARGE NUMBER |
| | 37A-2022-00401-C |
| | FEPA CHARGE NUMBER (if known) |
| | 202109-14769916 |

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE AN FEP AGENCY WILL INITIALLY PROCESS
*(See EEOC "Rules and Regulations" for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

X       Title VII of the Civil Rights Act of 1964

☐       The Age Discrimination in Employment Act of 1967 (ADEA)

X       The Americans with Disabilities Act of 1990 (ADA)

HAS BEEN RECEIVED BY

☐       The EEOC and sent for initial processing to _____
                                                                                                    (FEP Agency)

☑       The <u>CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING</u> and sent to the EEOC for dual filing purposes.

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

☑       As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provision of Title VII and the ADEA as explained on the reverse side of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐       An Equal Pay Act investigation (29 U.S.C. 209(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

☑       Enclosure: Copy of the Charge

BASIS OF DISCRIMINATION:

☐ RACE          ☐ COLOR          X SEX          X RELIGION          X NATIONAL ORIGIN          ☐ AGE          ☐ OTHER

X  DISABILITY          ☐ RETALIATION

CIRCUMSTANCES OF ALLEGED VIOLATION:
      See attached complaint.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| November 18, 2021 | William R. Tamayo | *[signature]* |

EEOC FORM 131-A

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE<br>Luis Javier Ramirez |
|---|---|

| Luis Javier Ramirez<br><br>vs.<br><br>Market Laundry LLC dba JS Coin Laundry | THIS PERSON (CHECK ONE)<br>_X_ Claims to be aggrieved<br>__ Is filing on behalf of other person(s) |
|---|---|
| | DATE OF ALLEGED VIOLATION<br>Earliest                Most Recent<br><br>November 1, 2019        October 3, 2021 |
| | PLACE OF ALLEGED VIOLATION<br>California, County of Los Angeles |
| | EEOC CHARGE NUMBER<br>37A-2022-00402-C |
| | FEPA CHARGE NUMBER (if known)<br>202111-15387415 |

**NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE AN FEP AGENCY WILL INITIALLY PROCESS**
*(See EEOC "Rules and Regulations" for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

X    Title VII of the Civil Rights Act of 1964

☐    The Age Discrimination in Employment Act of 1967 (ADEA)

X    The Americans with Disabilities Act of 1990 (ADA)

HAS BEEN RECEIVED BY

☐    The EEOC and sent for initial processing to _____
                                                                    (FEP Agency)

☑    The <u>CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING</u> and sent to the EEOC for dual filing purposes.

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

☑    As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provision of Title VII and the ADEA as explained on the reverse side of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

☐    An Equal Pay Act investigation (29 U.S.C. 209(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

☑    Enclosure: Copy of the Charge

BASIS OF DISCRIMINATION:

☐ RACE          ☐ COLOR          X SEX          X RELIGION          X NATIONAL ORIGIN          ☐ AGE          ☐ OTHER

X DISABILITY          ☐ RETALIATION

CIRCUMSTANCES OF ALLEGED VIOLATION:
  See attached complaint.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| November 18, 2021 | William R. Tamayo | |

EEOC FORM 131-A

## Fwd: 37A-2022-00401

**From:** KARRIE LYNN MAEDA KARRIE.MAEDA@EEOC.GOV

**To:** Luis Ramirez criollo_master0s@outlook.com

**Cc:** LAZARO DIAZ LAZARO.DIAZ@EEOC.GOV, OSVALDO HERRERA
OSVALDO.HERRERA@EEOC.GOV

**Date:** Wed, Feb 22, 2023, 11:06 AM

Good morning, Mr. Ramirez

My assistant, Lazaro Diaz, forwarded me your email inquiry.

I will respond to your concerns and questions:

*Hello my name is Luis Javier Ramirez I want to ask a couple questions regarding EEOC policy and the way my case was handled.*

1. *doesn't the EEOC protect former employees from retaliation and harassment under title 7 of the civil rights act of 1964?*
2. *Is it considered retaliation for my employer to have used falsified witness testimony in his interview with the EEOC regarding my allegations? To be specific, my Witness Jay Magistrale stated to the agent that he never said the things my employer said he stated in his testimony under oath. But yet my case was closed with no violation found.  Also he stated that I was arrested for domestic violence. This it is not true and also not job related and highly stereotypical.*
3. *I also wanted to know what is the time frame allowed to rebuttal employers answers before a case is closed?*
4. *Are the equal pay act and the fair employment and housing act covered under the EEOC's laws they enforce?*

*Respectfully signed*
*Luis Javier Ramirez*

You filed with California Civil Rights Department (CCRD).  This charge was dually filed with the United States Equal Employment Opportunity Commission (EEOC). You were aware of this relationship as you asked for a Substantial Weight Review (SWR) from the EEOC.

Your #1 question is a little broad, but the short answer is yes.

Answer to #2 question:

The CCRD consultant conducted telephonic witness interviews.  These witnesses were unable to corroborate your allegations. Whether you were arrested for domestic violence or not had no bearing on the decision to closed out the charge.

Answer to #3 question:

With the EEOC, we allow fifteen calendar days for a rebuttal to be submitted. The CCRD grants ten calendar days to respond.

Answer to #4 question:

The Equal Pay Act of 1963, as amended is under the EEOC's jurisdiction.  However, your allegations are not covered under this statute. The EPA only covers allegations of male v. female/female v. male. The EEOC does not investigate allegations of housing issues.

I hope this information was helpful.  Remember that you have only 90 calendar days to file a lawsuit in a federal court.  However, you have a one year from the dismissal date from the state to file a lawsuit in state court.

Sincerely,
Karrie L. Maeda
State, Local & Tribal Program Manager

---

**From:** Luis Ramirez criollo_master0s@outlook.com
**To:** KARRIE LYNN MAEDA KARRIE.MAEDA@eeoc.gov
**Cc:** LAZARO DIAZ LAZARO.DIAZ@EEOC.GOV, OSVALDO HERRERA OSVALDO.HERRERA@EEOC.GOV
**Date:** Wed, Feb 22, 2023, 7:02 PM

Ms. Maeda,

I appreciate your timely response however who do I contact as the falsification of Jasons witness and unfounded allegations that pose great concern as to the premature closure of my case.

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
# BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Luis Ramirez                                                    CRD No. 202301-19322406

                                    Complainant,

vs.

Jason Shakib
4405 medley pl
Encino, CA 91316

                                    Respondents

---

**1.** Respondent **Jason Shakib** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Luis Ramirez**, resides in the City of **Long Beach,** State of **CA.**

**3**. Complainant alleges that on or about **November 23, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's other.  protected characteristics

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was other adverse action(s).

**Additional Complaint Details:** He submitted falsified witness testimony to Department of Fair Employment and Housing  and in doing so had my cases closed , he used my witness for his response to my complaint

-1-
*Complaint – CRD No. 202301-19322406*

Date Filed: January 6, 2023

1 | VERIFICATION

2 | I, **Luis Ramirez**, am the **Complainant** in the above-entitled complaint.  I have read
3 | the foregoing complaint and know the contents thereof.  The same is true of my own
knowledge, except as to those matters which are therein alleged on information and
4 | belief, and as to those matters, I believe it to be true.

5 | On January 6, 2023, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
6 |

7 | **Long Beach California**

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

-2-
*Complaint – CRD No. 202301-19322406*

27 |

Date Filed: January 6, 2023
28 |

CRD-ENF 80 RS (Rev sed 12/22)



CERTIFIED MAIL®

7015 1520 0000 7432 6430

State of California
Business, Consumer Services,
**Department of Fair Employ|**
**Enforcement Division**
2218 Kausen Drive, Suite 100
Elk Grove, CA   95758
www.dfeh.ca.gov

U.S. POSTAGE ▶▶ PITNEY BOWES

ZIP 90013
02 4W
0000356179

$ 004.48⁰
NOV. 18. 2021.

0012/13/21

NIXIE.    911   DC  1

NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

RETURN TO SENDER
AS ADDRESSED

BC: 95758717825       *0662-05045-19-42

Department of Fair Employment & Housing
Elk Grove

RECEIVED
DEC 16 2021

☐ ATTEMPTED NOT KNOWN
☐ INSUFFICIENT ADDRESS
☐ NOT DELIVERABLE AS ADDRESSED
☐ UNABLE TO FORWARD

**Personal and Confidential: To be Opened by Addressee or Designee Ol** TF
95758>7178

Supplemental Questions

Ramirez/202111-15387415

1. Identify the person or persons designated to represent the company in this matter. Provide telephone contact number, email address, and mailing address for your representative(s).
2. Provide a statement of the employer's position with regard to the allegations contained in the complaint: See complaint memo
3. Provide copies of documents that support the employer's position regarding the allegations contained in the complaint.
4. Provide copies of the Complainant's entire personnel file.
5. Please provide a copy of Employee Handbook.
6. State the number of employees employed by the company.
7. Provide a copy of performance evaluations for Jason Shakib. If evaluations are not available, provide a statement, with copies of any substantiating documentation, describing how well this person performed job duties and the circumstances surrounding any disciplinary actions.
8. Provide copies of any and disciplinary documentation, including but not limited to reprimands or warnings issued to Jason Shakib during the period of their employment.
9. State what information was provided by the Complainant pertaining to the complaint of harassment or other discriminatory conduct and clarify to who it was provided and when. Provide a copy of any written complaint submitted to Respondent or Respondent's representative by the Complainant concerning the harassment/discrimination.
10. Describe your organization's policy and procedures for processing employee grievances/complaints. Submit a copy of any written grievance/complaint procedures relevant to the Complainant and the issues raised in the complaint.
11. Describe in detail all steps taken in the investigation of the Complainant's harassment/discrimination allegations, and state what corrective action(s), if any were taken by you or your representative as a result of the investigation.
12. Provide copies of all notes and documents compiled by you/your representative concerning the alleged harassment/discrimination, including the final investigative report.
13. Provide a list of all persons who worked under the supervision of Jason Shakib during the period of November 2019 to the present. For each person provide their job title, dates of employment, current employment status, and provide their last known address/telephone numbers.
14. State whether the Respondent or Respondent's representative had, prior to Complainant's charge, been informed of any other complaints of harassment or discrimination involving Jason Shakib. If so, describe what was known, when it was known, and provide copies of any related documentation.

15. List the job title and provide a copy of any written job description for Jason Shakib. If no written job description exists, describe the duties and supervisor responsibilities.

16. Provide a description of your policy(ies) on harassment, discrimination, and retaliation. Provide a copy of any written policy and explain what steps have been taken to implement them.

17. List the individuals that were interviewed in response to the complaint of harassment made by the Complainant against Jason Shakib and note for each individual interviewed their name, job title, date of interview, and name of the interviewer. Provide a copy of the interview notes.

18. Explain the present status of Jason Shakib listed in the complaint.

19. Explain any action(s) taken to protect the Complainant from harassment.

20. Explain any action(s) taken to protect the Complainant from retaliation for filing the harassment complaint or for objecting to the alleged harassment.

21. List the names of all persons involved in making the specific decisions to which the Complainant objects. State each person's job title and responsibility as it related to the issues raised by the complaint.

22. Explain your procedure for promotion. Provide a copy of any written policy or procedure regarding promotion.

23. Identify by name each individual promoted to the position in question during the period of November 2019 to the present. For each individual provide their protected basis, date of promotion, date of hire, current employment status, reasons promoted over the Complainant, and the last known address/telephone numbers.

24. Describe your company's policy and procedures regarding transfer requests and voluntary transfers. Provide a copy of any written policies or procedures relevant to voluntary transfers.

25. Identify everyone in Complainant's job classification that were transferred during the period of November 2019 to the present. For each individual, provide protected basis, date of transfer, reasons for transfer, job title, date of hire, current employment status, and last known address/telephone number.

26. Provide copies of all policies and procedures regarding accommodations for an employee's religion.

27. Describe all efforts taken to reasonably accommodate the Complainant's religion during the period of his employment.

28. Describe the qualifications for the job most recently held by the Complainant. Provide a copy of any written job descriptions and job analysis for the position. If no written description exists, describe the duties, responsibilities, and minimum qualifications for hire.

# Supplemental Questions

1.) Jason Shakib
   - 626-710-8094   Email: (b) (7)(C), (b) (6)
   - 920 Calle Amble Glendale CA 91208

   - Bruce Benjamin
   - (b) (7)(C), (b) (6)   Email: (b) (7)(C), (b) (6)

2.) Response to 1st Allegation:

   The allegation that Mr. Ramirez is making which if I understand correctly that I have inappropriately asked and harassed him about his disability is not true. I was told about his disability by his partner Jay Magistrate. I have ever harassed nor asked impermissible non-job related questions to Mr. Ramierz, what he stated is not true on the complaint.

   Response to 2nd Allegation:

   I did not set his time of work. Mr. Ramierz and his partner had a trailer illegally parked on site to which they could work when they choose to. I had also on numerous occasions told Mr. Ramierz that if he need a day, a week or month off it would be just fine all he had to do was let me know for me to cover the cleaning times in the morning and night.

   Response to 3rd Allegation:

   I have never ever harassed Mr. Ramirez for his sexual orientation, or in regards to him being Mexican, or being Catholic. These statements are not true in any way. As for the ash on Mr. Ramierz forehead I did not know what it was, nor did I find it offensive, I believe a had only asked him what it was because I had not seen that before. I am not a racist person and the fact that Mr. Ramierz makes such accusations is false.

   Response to 4th Allegation:

   In response to this allegation there are no positions to promote Mr. Rameriz to. The only position in this business is to clean the laundromat. There where no other jobs I needed Mr. Ramirez to do.

3.) There are no documents because our working relationship was done via verbal contract.

4.) There is no employee personal file, I hired him on a hand shake because he was living out of car with his dog and partner, to help them out.

5.) There is no employee handbook.

6.) 0

7.) There are no evaluations. Jason Shakib is the owner of the company.

8.) There are NONE.

9.) There are NONE.

10.)     If there are any grievances, they are discussed openly and a path to fix the problem is always found. I always try to work with the people that work for me.

11.)     NOT APPLICABLE

12.)     There are no documents because the alleged incidents never happened.

13.)     The are no person that worked under Jason Shakib direct supervision. Mr. Ramierz was to work 1 hour in the morning and 1 hour at night, under his own supervision.

14.)     There are none.

15.)     Jason Shakib, job was to clean the laundromat, purchase cleaning supplies, deposit cash, handle customer complaints, hire vendors to repair broken machines, refill the change machines, pay Mr. Ramierz on a weekly basis, give customer refunds when needed, handle purchasing assets for the business as needed, handle bookkeeping, paying taxes, paying rent, paying all bills associated with the business, ensuring trash pickup was done on a continual basis by EDCO, cleaning the alley way next to the business in order to satisfy city of long beach code enforcement, purchasing replacement parts for broken machines, filing police reports for criminal activity.

16.)    My policy has always been to treat everyone as a equal, because everyone and anyone can be a customer to the business. I do not tolerate harassment and on multiple occasions I had told Mr. Rameriz to BAN anyone that would speak, threaten, or harass him. I will never allow anyone to be harmed intentionally while working for me or being a customer at my store location.

17.)    There where no interviews done, Mr. Ramierz was let go because he did not want to follow city of long beach code enforcement rules. After he was let go, he filed a lawsuit against me.

18.)    Jason Shakib is the owner of the company.

19.)    If someone where to harass Mr. Rameriz, he was told to tell them to leave the business as a first step, the second step is to call the police.

20.)    The complainant was let go then he file the complaint.

21.)    Jason Shakib; owner.

22.)    There is no procedure for promotions, because there are no positions to promote someone to. The business is a coin laundry, the only position in the business is a janitor.

23.)    There is no one that has been promoted.

24.)    There are no places to transfer somebody too.

25.)    Not Applicable.

26.)    There are none.

27.)    Just always told Mr. Rameirz if he need time off for any reason, it would be okay as long as he would inform in advance.

28.)    The position duties, where to sweep the floor, empty trash cans when full, empty lint trays from dries and mop the floor.  The minimum requirements where that he had to have a phone and have good manners and communication skills.

STATE OF CALIFORNIA

Ricardo Lara, Insurance Commissioner

**DEPARTMENT OF INSURANCE**

George Mueller, Deputy Commissioner

**Fraud Division**

5999 E. SLAUSON AVENUE
CITY OF COMMERCE, CA 90040
323-278-5000          FAX 323-838-0028
www.insurance.ca.gov

January 09, 2023

Luis  Ramirez
1061 walnut ave
Long Beach, CA 90813

RE:       CASE NUMBER:        23CW000263

Dear Luis  Ramirez:

This is to acknowledge receipt of the above suspected fraudulent claim pursuant to the California Insurance Code Section 1872.4 or 1877.3.  We have issued the above case number for further correspondence and investigative tracking.

We have reviewed the information submitted and determined that the entity best suited to assist you with this matter is the LONG BEACH POLICE DEPT..  We have forwarded your file to them.

        LONG BEACH POLICE DEPT.

        400 W BROADWAY
        LONG BEACH, CA 90802
        5625707301

Please call the undersigned if you need any further assistance.

Sincerely,

Joseph  Lerner
SERG - Supervising Investigator
Los Angeles Regional Office
323-278-5000

CC: LONG BEACH POLICE DEPT.

LtrLE\061717

State of California                                                    Business, Consumer Services and Housing Agency

# Memorandum

Date:      November 1, 2022

To:        District Administrator, Brenda Grant

From:      Karri Brennan
           **Department of Fair Employment & Housing**
           **Consultant**
           **(916) 594-6278**

Subject:   Investigative Guide for **Ramirez / Wardlow Laundry LLC**
           DFEH Number:  202109-14769916
           EEOC Number:  37A-2022-00401-C

The purpose of this memorandum is to confirm that I have analyzed the facts and circumstances of the
**Ramirez / Wardlow Laundry LLC et al.** matter.

Based upon my analysis of the complaint and/or respondent's response, (b) (5)

My findings are outlined below as well as a brief chronology of the case processing.

## Chronology

Assignment: 11/2/2021 12:00:00 AM
Initial interview: 11/2/2022
Service of Complaint: 11/18/2021 12:00:00 AM
Certified Mail Confirmation: 11/22/2022
Case Prioritized:
Initial contact with Respondent:
Response Received: 1/12/2022 12:00:00 AM
Request for Rebuttal from Complainant: 11/1/2022
Investigation Guide Completed: 11/1/2022

## Initial Assessment

X    (b) (5)

## Jurisdiction

X    (b) (5)

X    (b) (5)

CRD-ENF 301G

Investigative Guide
November 1, 2022
Page 2 of 6

## Harassment

       *X*      Contacted and interviewed complainant's witness(es)
       *X*      Contacted and interviewed neutral witness(es)
       *X*      Interviewed alleged harasser(s)

## Discrimination:



## Evidence for CP:

CP alleges he was asked impermissible non-job-related questions due to a perceived disability. In November 2019, Jason Shakib (Owner) asked CP if I had any health conditions that might cause him a problem. CP believes he was asked this question in an effort to determine if he had a disability because once CP told him about his disability, RP harassed me because of it almost every day.

CP alleges he was denied a religious accommodation (Roman Catholic). On December 25, 2019 and December 25, 2020, CP was forced to work on Christmas day. Though, CP had requested Christmas Day off as an accommodation for his religion at the time of hire, Jason Shakib (Owner) told CP that Christmas is not a recognized holiday and denied him the time off.

From November 2019 through October 3, 2021, CP alleges he was subjected to harassment sue to his sexual orientation (Gay), sex/gender (Male), sex (quid pro quo), disability, ancestry/national origin (Mexican), color and religion (Catholic). The harassment was verbal in nature and would include but was not limited to Jason Shakib (Owner) telling CP that he'd better go hide in a bubble whenever a customer would cough or sneeze. CP understood this comment to be insensitive and in reference to his compromised immune system causing his disability. In April 2020, during Pride Month, Jason said to CP, "Shouldn't you be their spokesperson, with a rainbow tattooed on your forehead?" Jason also asked CP if he would rather "blow' him or be homeless". In June 2021, Jason referred to CP as the "F" word when speaking to customers. The "F" word is a derogatory word used in reference to gay men. Jason would also use the term "you people" when referring to Mexicans. (More examples of ancestry/National Origin harassment on file with DFEH). He also would call me "BRC" which stands for Beans Rice and Cheese and added that maybe he should call CP pinto bean because he is dark skinned. CP felt Jason (RP) was making reference to CP being Mexican because of the stereotypical connection between Mexicans and Beans and comparing his skin color to that of a pinto bean were derogatory statements in reference to skin color and ancestry. Additionally, on Ash Wednesday of 2020 and 2021, when CP returned to work from Mass with ashes on his forehead, Jason told CP to wash it off because it was disrespectful to him. (Examples of more Religion harassment on file with DFEH).

CP alleges he was denied a promotion due to his gender identity or expression. From July 1, 2020 through July 26, 2020, CP expressed interest in a maintenance position the Jason Shakib (Owner). It

Investigative Guide
November 1, 2022
Page **3** of **6**

would have been a great opportunity for CP to make more money. Jason told CP that he was not manly enough for the job and denied CP the promotion even though CP was qualified for the position. CP believes Jason's statement was in reference to CP's gender expression and it shows the reason for the denial of promotion was due to his gender expression.

**Evidence for RP:**
11/1/2022-Interview with RP (Alleged harasser), Jason Shakib:

Allegation 1:
CP always just looked like a Latino guy working. He never dressed or represented himself in any other way. Just usually wore shorts/shirt/tennis shoes. He had a goatee and regular male appearance. When asked about any position posted or open that CP alleges he did not get, RP stated, "There was no position. CP had the cleaner position at that location. "It was either he or I cleaned." RP states, "You know I helped someone out. He and his boyfriend or husband lived in a car with their dogs. It was in a black Lexus Sedan. I gave extra jobs to Jay his boyfriend, to help them out. They then upgraded to a white Tahoe that was falling apart. CP was an extremely violent person. He beat up his boyfriend and was arrested for domestic violence. CP kept thinking people were looking at him. RP states that he would tell CP to take a walk when he got angry. CP's job was maintenance.  He had the only job in the laundry mat and had to clean the facility twice a day. There were times that there were drug addicts in and around the laundry mat and Jay (CP's boyfriend) told RP he would support and help him keep them away. RP categorically denies saying CP was not "manly enough" for the position, just thought he was a regular guy. At the beginning, RP states he didn't know they were a gay couple. RP states that he has a female working for him now in CP's position.

Allegation 2:
RP states he was not aware CP had any disability. He later found out CP was HIV+ when Jay (CP's boyfriend) told him. RP states he never said anything of the sort about hiding in a bubble as alleged. If CP was uncomfortable because someone was sneezing RP states that he would tell CP he could wait outside until he felt comfortable enough to come back inside. RP cannot recall if CP told him he had HIV but he did recall Jay saying CP takes meds for his HIV. RP states that there are many people with HIV and he never really saw HIV as a disability anyway. RP states, "He could walk, talk and work. That's all I cared about." RP states, "Listen, I did not want to upset him (CP), he had the keys to my business and had a terrible temper. He could have destroyed everything for me!" RP stated, "Luis stayed with me for 2 years. Code enforcement said he could not live on the property in a vehicle. I fired him because I had to make them leave and he wouldn't. He blew up at me! I told him to just go! Then they just abandoned their vehicle on my property and it had to be towed away by the City."

Allegation 3:
RP states that he found out that CP was Catholic because one day CP had ash on his forehead and he told CP he had something on his forehead. CP told RP it was because he was Catholic. Jay (CP's boyfriend) worked on New Year's because RP worked with them. CP was mad because Jay was cleaning. CP may have been mad because he expected to take immediate time off when he wanted. RP states he had no problem giving time off if it was requested in advance.

Allegation 4:
RP states, "I would never say anything about PRIDE". I was a photographer and would always go the the LGBT West Hollywood Carnival. There were many elaborate LGBT costumes that he loved photographing. He asked if he was uncomfortable why would he go every year? He denies stating that

Investigative Guide
November 1, 2022
Page **4** of **6**

CP was a spokesperson for the LGBT with a rainbow on his forehead. RP denies calling CP, Jay (CP's boyfriend) or anyone a "Faggot". RP poses a question, "If I was so horrible, why did he work for me for 2 years? No, I would never say that to anyone!" RP denied stating sexual comments as alleged in the complaint. RP states, "I am not gay, I have been married for 11 years. I am not even curious sexually about men. Those alleged comments are sexual harassment and could have been reported to the police. That's a felony!" RP denied ever calling CP a "Faggot". He states that they once had 2 Trans females doing laundry. Jay (CP's boyfriend) was very uncomfortable. Jay said, "It's OK to be gay but not OK to dress like a woman." RP responded, "Why does that matter?" Jay responded, "If you are a man, you should dress like a man and if you are a woman you should dress like a woman." Jay was very uncomfortable about this situation. Jay has a firearm and RP is concerned. CP will have his boyfriend speaking for him on the phone at times because he knows this because they sound different. CP is in his 20's and Jay is approximately 30'-40's. RP insists he has never called anyone a BRC. When I asked if he knew what that was, he said he did. It stood for Beans, Rice and Cheese. He states he never in his entire life has ever referred to BRC or Pinto Bean with anyone. RP readdresses that allegation of the ash on CP's forehead and states, "I only asked if he was supposed to wash off the ash. I had never seen that before and was just curious."

11/9/2022-PC to RP to clear up jurisdiction on the amount of employees and whether there was an employer/employee relationship.  (No jurisdiction on part of the complaint.)

Jason Shakib states that he never paid quarterly taxes, never issued W2's to CP or Jay Magistrate. They were paid "under the table". RP stated that Jay was only sporadic tasks like shining up the floor or repairs of the machinery and he would pay him cash to do that occasionally.  Jay would invoice him out.

When asked who would know the nature of the relationship between Jay and CP, Jason stated Dominic which is CP's cousin (562) 440-0159.

11/10/2022-Interview of "Dominic" (CP's cousin, per RP) at (562) 440-0159. Domenic spelled his first name correctly and stated that his last name was Sareceno. He states that he lives across the street from the Wardlow Laundry facility. He is not CP's cousin as RP originally thought and advised me of. Domenic states that CP and Jay Magistrale were "absolutely in a same sex relationship and many people in the neighborhood knew that." They were living on the property of the laundry mat for over a year together. He thought there was a motorhome they lived in but CP and Jay started living on RP's property in Jay's SUV. This was the same SUV that in the middle of the night after an argument with each other, Luis started smashing up. Domenic states that the body language of the two was clear they were involved as well as an argument they had in the middle of the night. It was a couple's fight, clearly a relationship argument. Jay was the calmer of the two. Jay would always borrow tools and he would have to ask for them back.

11/10/2022-Interview of CP's witness, Jay Magistrale (562) 206-9566.

When asked if he had ever witnessed any harassment by Owner, Jason Shakib towards CP, he stated "Yes." He stated that he had witnessed inappropriate behavior where once RP

Investigative Guide
November 1, 2022
Page **5** of **6**

brushed up against CP from behind. Then he grabbed CP and moved his body towards CP.
CP responded by just shaking his head. This was many years ago but he could not be specific
with a date or time. He states it started about 4 1/2 months after CP started working there. No
other witnesses.

Jay states that he worked longer at the laundry facilities than CP. He worker there about 4 1/2
years.

When asked if he witnessed RP calling CP a BRC, he stated he overheard RP say that to CP
around 10/2021 and he just referred to CP as such.CP would just say, "What does that have to
do with my job? Just stop and leave me alone." and walk outside. He states that he cannot
recall the dates but twice RP called CP a "Faggot" and CP responded, "Fuck yourself!"

Jay states that he was an independent contractor and not really an employee of RP's He would
work for him and bill him for services. CP was paid under the table and never issued any W2 or
paid any taxes on the money he earned. CP was not given any sick leave, vacation or any
benefits like that, just cash.

When asked why they stayed working for RP so long if the environment and RP's actions were
so egregious, then to live on the property. Jay responded, "I will make it simple. I continued to
work there because Jason paid me better than well there. Luis stayed there because it allowed
him to take online courses and do his homework in between working there because Jason was
very lenient. He accommodated Luis's schedule all the time." Jay states he encouraged CP to
look for other work but he stayed there.

When asked if he advised RP that CP had a medical condition he responded, "No, he told me
that Luis had HIV." I asked if he ever heard Jason state anything about people sneezing
around CP and he stated that Jason told CP he could leave if he wanted.

He stated that they were the only 2 people that worked there.

He stated that he had a vehicle that he would sometimes stay in but that CP had family in Long
Beach and stayed with them They did not live in a vehicle on the property together. He states
that Jason (RP) gave him permission to have his Yukon on the property. Luis had an Ecoline
van and a Chevy Suburban.

On the day they were both fired, RP's mother takes a lot of pills and gets very confused. She
started arguing with them to move their vehicles. She wanted to tow them. When RP started
arguing with them and they were arguing back with his mother, that's when Jason said, "Suck
my dick!" in anger. They were both terminated on that day in October 2021. Jay left his car
there and RP had it towed by A & A Towing.

When asked what gender did CP express himself during work, Jay stated "I guess you would
say gender neutral nowadays. I mean he wore sweatpants, T-shirt and a bandana. Just looks

 19 of 36

November 1, 2022
Page **6** of **6**

like a young latino male."

Jay states, "Jason has a wife but I believe he goes both ways. I overheard him proposition Luis but I cannot begin to give a date. It was such a long time ago." I asked if he had ever heard Jason talk about an ash mark on CP's head. He stated, "Yeah but that was along time ago and I can't remember what he said about it. I'm Catholic."

I asked if he was in a relationship with CP and he denied being in one. (b) (5)

I stated that there was a witness statement that they were in a same sex relationship. He stated, "Well anyone can say anything and Jason probably paid them off to say that. I haven't talked with Luis in over a year. I live in Nevada now."

Conclusion:
(b) (5)

CRD-ENF 301G

State of California
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF OCCUPATIONAL SAFETY AND HEALTH

INSPECTION NUMBER _____ RCI-808855

### EMPLOYEE/WITNESS STATEMENT

My Name is _____ Jay-David Magistrale _____

My home address is ___ 1061 Walnut Ave Apt 214, Long Beach, CA, 90813 ___

I am employed by _____ Bubbles Laundryroom _____

as a _____ Appliance technician _____

*Do I have your permission to record this interview?* ☑Yes ○No
*Would you please write what you know with regards to the accident/violate condition on this form?* ○Yes ☑No
*Do you wish for me (* Jay-David Magistrale *) to write your statement?* ☑Yes ○No

I offer the following statement recorded in the presence of _____ Luis Ramirez _____,
Division of Occupational Safety and Health, Department of Industrial Relations, State of California.

Luis was essentially terminated  because of a legitimate request for PPE during the pandemic. Jason tended to ignore requests until it was convenient for him or when he was pressured by customers.  Jason has a tendency of taunting and punishing staff when it inconveniences him. Luis received very harsh and inappropriate treatment when makeing even simple requests. I told luis on several occasions that he should have the supplies needed to do hjs job safely.
Luis works 7days a week and needs to have PPE to prevent him from getting sick. Luis was subsequently left to call OSHA acrynd or the Labor board to get help with trying to get HELP.
When Jason found out he fired me.  I witnessed Jaosn Exploiting Luis and how he would pocket money by not payjng him with a check stubb.

I have given this statement freely and without coercion; it represents the facts pertaining to the above referred accident to the best of my knowledge and belief.

Signed, this __8th__ day of __November__, 2017 _____
(Signature)

_____ Luis Ramirez [signature] _____          _____ Plaintiff _____
Witnessed by                                              Title

Page __1__ of __1__                    [Type text]                    Cal/OSHA 1AW

**LLC-12**

**Secretary of State
Statement of Information**
(Limited Liability Company)

21-G64779

# FILED

In the office of the Secretary of State
of the State of California

DEC 22, 2021

**This Space For Office Use Only**

**IMPORTANT —** Read instructions **before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC.  If you registered in California using an alternate name, see instructions.)

MARKET LAUNDRY LLC

| 2.  12-Digit Secretary of State File Number | 3.   State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 202001410248 | CALIFORNIA |

**4.  Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>5397 ORANGE AVE | LONG BEACH | CA | 90805 |
| b. Mailing Address of LLC, **if different than item 4a**<br>920 CALLE AMABLE | GLENDALE | CA | 91208 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box<br>5397 ORANGE AVE | LONG BEACH | CA | 90805 |

**5.  Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name and address must be listed. If  he manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank).  If the manager/member is an en ity, complete Items 5b and 5c (leave Item 5a blank).  Note:  The LLC cannot serve as its own manager or member.  If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| JASON | S | SHAKIB | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 5397 ORANGE AVE | LONG BEACH | CA | 90805 |

**6.  Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| JASON | S | SHAKIB | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 5397 ORANGE AVE | LONG BEACH | CA | 90805 |

**CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

**7.  Type of Business**

a. Describe the type of business or services of the Limited Liability Company

LAUNDROMAT

**8.  Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| JASON | S | SHAKIB | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 5397 ORANGE AVE | LONG BEACH | CA | 90805 |

**9.  The Information contained herein, including any attachments, is true and correct.**

| 12/22/2021 | JASON S SHAKIB | PRESIDENT | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

LLC-12 (REV 01/2017)

Page 1 of 1

2017 California Secretary of State
www.sos.ca.gov/business/be

**STATE OF CALIFORNIA**                                                      Gavin Newsom, *Governor*

DEPARTMENT OF INDUSTRIAL RELATIONS
Labor Commissioner's Office
*Retaliation Complaint Investigation Unit*
2 MacArthur Place Ste. 800
Santa Ana, CA 92707
Phone: (714) 942-7556 Email: osharetaliation@dir.ca.gov

October 29, 2020

Luis Ramirez
116 W EAGLE ST APT C
LONG BEACH, CA 90806

       Re:    Luis Ramirez v. Jason Shakib
            State Case No. RCI-CM-808855

Dear Luis Ramirez:

We have reviewed your complaint, accepted it for investigation, and assigned it State
Case No. RCI-CM-808855. At this time, no further information is needed from you.

Please continue to gather contact information for any witnesses and collect paperwork
that will support your case. This includes emails, letters or other written evidence of
complaints made to government agencies or to your employer, any termination notice or
other disciplinary actions, and copies of your final checks. Hold on to these documents
until the assigned investigator requests them from you.

Do not delete, destroy, or discard any potential evidence that relates to the claims,
facts, or defenses raised by the complaint. This includes, but is not limited to, any
relevant electronic evidence, such as text messages, social media posts, emails, or
voicemails. If you have a policy or practice of regularly deleting, destroying, or
discarding documents, information, or things, those policies or practices should be
suspended in relation to any potential evidence. Deleting, destroying, or discarding any
potential evidence is against the law.

After we have reviewed your timeline and the employer's response to the complaint,
your case will be reviewed to determine the next appropriate step. You will be given a
chance to provide a rebuttal to your employer's response.

You must send written notice of any change to your phone number or address to the
address listed above.  Remember to include your case number in any correspondence
with this Office. If we are unable to contact you, we will be unable to proceed with the
investigation and, as a result, your case will be closed.

The enclosed Summary of Procedures provides additional information regarding the
investigative process. You can also find this summary at
https://www.dir.ca.gov/dlse/RetaliationComplaintProcedure.htm.

RCI 4.1 CASE ACCEPTED (REV. 8/20)

State Case No. RCI-CM-808855
October 29, 2020
Page 2 of 2

During the investigation, you are required to mitigate your damages by looking for other
employment or working elsewhere. As you apply for employment opportunities, keep
detailed records of the positions you apply for, any interviews that you attend, and any
employment offers that are made to you. If you do accept an offer, please let me know.
Keeping these records will assist the agency with calculating and proving what you may
be owed.

If you filed a retaliation complaint because you made a workplace health or safety
complaint, you may also file a separate complaint with the U.S. Department of Labor
within 30 days of the date of the violation.

Keep in mind that legal claims cannot be brought indefinitely; legal claims have a
"statute of limitations," which is a time limit. Filing a complaint with our agency may not
prevent the statute of limitations from running out on all the claims you may have, so if
you are interested in pursuing this claim or other related claims in a lawsuit, consult with
an attorney right away.

Sincerely,

*Noe Ramirez*

Noe Ramirez
Industrial Relations Representative
Retaliation Complaint Investigation Unit

Encl.

RCI 4.1 CASE ACCEPTED (REV. 8/20)

# RETALIATION AND DISCRIMINATION COMPLAINTS



### Labor Commissioner's Office

### Summary of Procedures

Employees, former employees, and applicants for employment who suffer retaliation or discrimination by their employer because they engaged in an activity protected by a law under the jurisdiction of the Labor Commissioner may file a complaint with the Labor Commissioner's Office. The Labor Commissioner's Office is also known as the Division of Labor Standards Enforcement or DLSE. A summary of procedures used by the Labor Commissioner's Office to investigate complaints under Labor Code section 98.7 is described below.

In the event your address or contact information changes during the investigation it is important that you notify our office. This requirement applies to employees as well as employers.

**Retaliation**
Retaliation occurs when an employee engages in an activity protected by law and then suffers an adverse employment action as a result of that protected activity. Adverse actions may include such things as discharge, demotion, suspension, reduction in pay or hours, refusal to hire or promote, immigration related threats, and other adverse employment actions.

**Preparing a Complaint**
The retaliation complaint form can be completed and filed on-line at: www.dir.ca.gov/dlse/ Filing_your_complaint.htm, or a paper form (RCI 1) may be used to prepare a retaliation complaint. The paper form may be obtained by calling or visiting any Labor Commissioner's Office or it can be downloaded.

When preparing a complaint, enter all of the information that is requested on the form in the spaces provided. Sign and date the completed paper form. Copies of any supporting documents may be submitted as attachments, but cannot be used instead of a completing the complaint form. Do not submit original documents, retain the originals for your records.

**Time Limits for Filing a Complaint**
In most cases, an employee, former employee, or job applicant alleging retaliation under a law within the jurisdiction of the Labor Commissioner must file the complaint with the Labor Commissioner's Office within six months of the adverse action.

There are a few exceptions to the six-month deadline. A complaint alleging retaliation against a victim of domestic violence, stalking, or sexual assault (Labor Code section 230(c), 230(e), 230(f), or 230.1) must be filed within one year of the adverse action. A complaint alleging retaliation against a victim of a crime (Labor Code section 230.2(b) or 230.5) must be filed within one year of the adverse action. A complaint alleging retaliation for complaining about a violation of licensing regulations or other laws related to child day care facilities (Health and Safety Code Section 1596.881) must be filed within 90 days after the adverse action. A complaint alleging retaliation against a minor must be filed within the applicable period, but the start of that period is delayed until the minor is 18 years old (Labor Code section 1311.5).

A pay disparity complaint alleging that a worker was paid less for substantially similar work than an employee of the opposite sex, or another race or ethnicity (Labor Code section 1197.5) must be filed within two years of the alleged violation or within three years of a willful violation. However, a retaliation complaint alleging that a worker was punished for asking about a lower rate of pay must be filed within six months.

Additionally, any employee, former employee, or job applicant who alleges retaliation for having complained about a workplace health or safety issue has a separate right to file a concurrent complaint with federal OSHA within 30 days of the adverse action.

**Filing a Complaint**
The retaliation complaint form (RCI 1) can be filed in person at any local Labor Commissioner's Office. The form can also be filed by mailing it to either of following locations:

> Labor Commissioner
> Retaliation Complaint Investigation Unit
> 2031 Howe Ave., Ste. 100
> Sacramento, CA  95825

> Labor Commissioner
> Retaliation Complaint Investigation Unit
> 320 W. Fourth St., Ste. 450
> Los Angeles, CA  90013

When a form is filled in online, the form is automatically submitted to the Labor Commissioner's Office after the Submit button is successfully clicked on the last page of the online form.

**Review of the Complaint**
After the complaint is filed, it will be reviewed and preliminary information will be gathered to determine whether the Labor Commissioner has jurisdiction over the issues raised. If it is determined that the Labor Commissioner has jurisdiction, the complaint will be accepted for investigation.

**Investigation of the Complaint**
After the complaint has been accepted for investigation, the employee, former employee, or job applicant will be contacted by a Deputy Labor Commissioner in the Retaliation Complaint Investigation Unit. The Deputy Labor Commissioner will be your primary contact person and will conduct the investigation into the complaint. The investigator is a neutral fact-finder. They do not represent either party at any time during the investigation. The investigator cannot provide legal advice to any party.

Labor Code section 98.7 requires the investigator to interview the worker, the employer, and relevant witnesses, individuals who possess information regarding the alleged violations. To protect the identity of non-management witnesses, the investigator cannot confirm or deny who is actually interviewed. Such witnesses are confidential and may not be disclosed to either party.
The investigator may request the parties meet in a conference in furtherance of the investigation and to explore settlement. Cooperation by both parties is essential to ensure that all available facts are uncovered in the investigation. The Retaliation Complaint Investigation Unit has the authority to issue subpoenas to obtain evidence related to the case. Information obtained during the investigation is subject to Public Records Act requests, and therefore is not confidential. However, the identity of witnesses shall remain confidential, unless disclosure is required for a civil action filed by the Labor Commissioner.

When a complainant files a pay disparity complaint under the Equal Pay Act (EPA), Labor Code section 1197.5, the investigator will not disclose the complainant's name until the validity of the complaint is determined, unless disclosing the name becomes necessary to investigate the complaint. The complainant's name will remain confidential if the complaint is withdrawn before the name is disclosed.

## Interviews with Complainant

The individual who filed the claim, the complainant, is required to make themselves available for interviews. In a typical investigation, the complainant is interviewed two or three times. There is an initial interview to establish the fundamentals of a retaliation claim, or prima facie case. Often times the investigator will schedule an additional interview to review the employer's response. It is essential that the complainant participate in interviews. Letters or emails are not sufficient to adequately test the allegations or to evaluate the employer's version of events. If the individual refuses the initial interview, the case will be closed for lack of cooperation. In the event subsequent interview requests are refused, the investigator will determine whether there is sufficient evidence to proceed or if the case will be closed for lack of cooperation.

## Hearing on the Complaint

In a very limited number of cases, and at the sole discretion of the Retaliation Complaint Investigation Unit, the Labor Commissioner may order a hearing to establish the relevant facts before concluding the investigation. The hearing is an informal, investigative proceeding. A hearing officer conducts the hearing, and both sides may bring an attorney, union representative, or other person of their choice to represent them.

The Labor Commissioner may subpoena witnesses and documents for the hearing. If the Labor Commissioner issues a subpoena requested by a party, that party is required to pay applicable witness fees. After the hearing, the hearing officer will file findings of fact and conclusions as part of the investigation.

## Results of Investigation

Once the investigation is complete, if no settlement has been reached, the investigator will prepare an investigation report that will be submitted to the Labor Commissioner or other designee to make a determination.

## The Determination Letter

The Labor Commissioner will review the investigative report and send the parties a determination letter; the letter will outline the evidence established during the investigation and report the findings of the investigation.

### *Result of the Investigation Is a Cause or Merit Finding*

If the Labor Commissioner determines that the employer violated the law by retaliating against the employee, former employee, or job applicant, the employer will be given 30 days to comply with the order in the determination letter and remedy the retaliation, or attempt to settle the case.

In cases where the Labor Commissioner has determined that sufficient evidence exists to support a finding of retaliation, the Labor Commissioner may order a variety of remedies including reinstatement, payment of lost wages, interest on the lost wages, removal of related negative reports in the employee personnel file, and the posting of a notice acknowledging the retaliation.

In addition, Labor Code sections 98.6 and 1019.1 provide for a penalty amount of up to $10,000 per violation, payable to the worker if the evidence establishes retaliatory conduct by the employer. Other penalties may be assessed for violations of the Healthy Family, Healthy Workplace statute and Labor Code sections 1311.5 and 2814. For employers that are corporations and limited liability companies, Labor Code section 1102.5 provides for an additional penalty of up to $10,000 for each violation of that section. This penalty is payable to the State.

If the employer fails to comply with the requirements of the determination letter in the time required, an attorney for the Labor Commissioner will file a court action to enforce the determination letter and collect the assessed damages and penalties. The employer may also be held responsible for the Labor Commissioner's attorney's fees.

## Citation, in lieu of Determination Letter

The Labor Commissioner may decide to select certain cases for citation. This means that if the Labor Commissioner determines that there has been retaliation, a determination letter will not issue and a citation will issue instead. The employer has the option of appealing the citation, but if no appeal is filed, then employer

must pay the citation amount or it becomes a final judgment; once there is a final judgment, the Labor Commissioner's office can then begin to try to collect on the judgment.

If a timely appeal is filed, then a hearing is held before a hearing officer. The hearing will be like an informal court case; the hearing officer is like a judge, and the Labor Commissioner will present evidence, such as emails or employment records, and employee testimony to support the citation. Then, the hearing officer will issue a written decision, which becomes a final judgment if the employer does not challenge the decision by filing a writ in superior court.

If a writ is filed, a judge will review the hearing officer's decision for "substantial evidence." The employer must also file a bond for the citation amount with the writ; this guarantees that the citation amount will be paid if the employer loses on writ.

***Result of the Investigation is a Dismissal of the Complaint***
If the Labor Commissioner determines that there is insufficient evidence of retaliation, the Labor Commissioner will dismiss the case and take no further action. The employee, former employee, or job applicant may file a civil complaint against the employer to pursue the matter further.

**Appeal Rights**
Complaints alleging violation of Labor Code section 6310 or 6311 (related to workplace health and safety) include appeal rights for the worker if the Labor Commissioner dismisses the complaint for insufficient evidence of retaliation. There is no appeal right under these provisions for the employer.

The worker's right to appeal is required by federal OSHA, and the Labor Commissioner's Office is required to provide the same appeal right for violations of Labor Code section 6310 and 6311. The appeal is made to the Director of Industrial Relations. In the appeal, the worker must state the grounds for the appeal and the reason the decision is unjust or unlawful. Every issue to be considered by the Director must be identified. The Director will provide all parties with a copy of the appeal, allowing an opportunity to respond. The worker must file the appeal within 15 days of the date of receipt of the determination letter. The appeal must be filed in writing and mailed to the Director of the Department of Industrial Relations at:

    Office of the Director - Legal Unit, RCI Appeals
    1515 Clay St., Ste. 701
    Oakland, CA  94612

In addition to the appeal right discussed above, individuals who have filed complaints alleging retaliation for complaining about a workplace health and safety issue, have the right to file a Complaint Against State Program Administration (CASPA) with the federal Occupational Safety and Health Administration (OSHA). In this complaint to OSHA, an individual who is not satisfied with the procedures followed in the Labor Commissioner's investigation may request that federal OSHA review the case file to ensure the case was appropriately investigated. A CASPA complaint can only be filed after appeal rights with the State have been exhausted. A CASPA complaint is filed at:

    U.S. Department of Labor - OSHA
    Attention:  Area Director
    Ronald Dellums Federal Building
    1301 Clay St., Ste. 1080N
    Oakland, CA  94612

**Contact the Labor Commissioner's Office**
If you have questions regarding investigation procedures followed by the Labor Commissioner's Office, please contact the Retaliation Complaint Investigation Unit by calling (916) 263-2991, or by email at retaliation@dir.ca.gov. If you have questions regarding a retaliation claim based on workplace health and safety (OSHA), please call (714) 558-4913, or email OSHAretaliation@dir.ca.gov.

RCI 3.1 SUMMARY OF PROCEDURES (REV. 8/20)



# Secretary of State
## Certificate of Status

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

| | |
|---|---|
| **Entity Name:** | WARDLOW LAUNDRY LLC |
| **Entity No.:** | 202001410235 |
| **Registration Date:** | 12/30/2019 |
| **Entity Type:** | Limited Liability Company - CA |
| **Formed In:** | CALIFORNIA |
| **Status:** | Active |

The above referenced entity is active on the Secretary of State's records and is authorized to exercise all its powers, rights and privileges in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may impact status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of March 02, 2023.

**SHIRLEY N. WEBER, PH.D.**
**Secretary of State**

**Certificate No.:** 087447637

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at bizfileOnline.sos.ca.gov.